IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| VOESH CORPORATION,<br><br>Plaintiff<br><br>v.<br><br>J & K Beauty Supply, LLC<br><br>Defendant. | Case No.  4:23-cv-2340<br><br>JURY DEMANDED |

## COMPLAINT

Plaintiff Voesh Corporation ("Plaintiff" or "Voesh") for its causes of action against Defendant J & K Beauty Supply, LLC, ("Defendant" or "J&K") alleges as follows:

### NATURE OF THE ACTION

1. This is an action for Patent Infringement under 35 U.S.C. § 271 and for Trademark Infringement under the Lanham Act, including counterfeiting of Plaintiff's federally registered trademark in violation of 15 U.S.C. §§ 1114 and false designation of origin and unfair competition in violation of 15 U.S.C. §1125(a).

2. As alleged in detail below, Defendant has engaged and continues to engage in a conscious, systematic, and willful pattern of patent and trademark infringement, to the damage of Plaintiff.

## JURISDICTION AND VENUE

3. This court has jurisdiction over the patent infringement and trademark infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1331 and 1400(b), as the matter deals with a patent matter that arose in this District and due to the fact that Defendant's principal place of business is in this district. Defendant has purposefully availed itself of this forum by, among other things, making products in the State of Texas in a manner that infringes a patent, including in this District, and, upon information and belief, deriving revenue from such activities.

## THE PARTIES

5. Plaintiff is a New York corporation with a principal place of business at 5001 Hadley Rd Suite 101, South Plainfield, NJ 07080.

6. Upon information and belief, defendant has its principal place of business at 4613 5th St., Brookshire, TX 77423.

## PLAINTIFF'S PATENT AND BUSINESS

7. Plaintiff owns U.S. Patent No. 11,478,058 (hereinafter "the '058 patent"). A copy of the '058 patent is attached as Exhibit A. The '058 patent has the title, "METHOD FOR PROVIDING A PREDETERMINED BEAUTY TREATMENT," and was filed on July 8, 2020, and issued on October 25, 2022. Plaintiff is the original assignee of the '058 patent.

8. The '058 patent claims priority to a patent application filed on April 14, 2016, with the benefit of a provisional patent application filed on April 15, 2015.

9. The '058 patent is directed to patent-eligible subject matter under 35 U.S.C. § 101, being directed to a patent-eligible process without recitation of any abstract idea or any other judicial exception.

10. Plaintiff owns all rights, title, and interest in and to the '058 patent.

11. Plaintiff manufactures and sells products in accordance with the '058 patent. The claims of the '058 patent are all directed to methods and, therefore, marking under 35 U.S.C. § 287 is inapplicable.

12. Since at least as early as August 18, 2014, Plaintiff has used the trademark PEDI IN A BOX® (hereinafter "the Mark") in commerce in connection with its body lotions, foot scrubs and skin masks.

13. Plaintiff's spa products, including its PEDI IN A BOX® product line, are widely distributed and used at spas throughout the United States.

14. Plaintiff's PEDI IN A BOX® product line is also widely marketed and sold through various Internet websites.

15. Plaintiff is the owner of U.S. Trademark Registration No. 4,754,743 for the Mark in connection with "Body lotions; Foot scrubs; Skin masks" in Class 3 (the "Trademark Registration").  The Mark was registered on February 3, 2015. A copy of U.S. Trademark Registration is attached as Exhibit B.

16. Plaintiff filed a combined declaration of use and incontestability for the Trademark Registration on November 6, 2020.

17. Plaintiff's extensive sales and marketing of its products under the PEDI IN A BOX® mark has led Plaintiff to acquire valuable goodwill and name-recognition among consumers and the general spa industry.

18. In light of Plaintiff's success, as well as the reputation it has gained, Plaintiff's spa products have been targets for unscrupulous individuals and entities who wish to capitalize on the goodwill and reputation that Plaintiff built in its products.

19. Plaintiff actively develops new products and pursues intellectual property protection for those products to stay competitive in the face of counterfeits and knock-offs.

## DEFENDANT'S INFRINGING ACTS

20. Defendant has been manufacturing products using a method that infringes the '058 patent.

21. Defendant has been offering to sell and selling products that infringe the Mark, including offers for sale made through various retailers.

22. Rather than innovate and develop its own product and manufacturing process, Defendant chose to copy Plaintiff's patented process.

23. Rather than developing its own brand and reputation, Defendant chose to use Plaintiff's Mark.

24. One example of the products that Defendant sells is the following 5 in 1 Deluxe Pedicure product (hereinafter "5 in 1 product"):



25. Defendant sells a variety of products similar to the 5 in 1 product, differing by color and scent.

26. Another example of the products that Defendant sells is the following 4 in 1 Spa Pedicure product (hereinafter "4 in 1 product"):



27. Defendant sells a variety of products similar to the 4 in 1 product, differing by color and scent.

28. The 4 in 1 product includes packaging prominently featuring Plaintiff's , "PEDI IN A BOX" mark.

29. The 4 in 1 product's use of the "PEDI IN A BOX" mark, on identical goods as Plaintiff, is confusingly similar to Plaintiff's Mark.

## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 11,478,058

30. Paragraphs 1 through 29 are incorporated by reference herein.

31. Plaintiff is the owner of all rights, title, and interest in the '058 patent.

32. Defendant has infringed and continues to infringe the '058 patent by, among other things, making in the United States products that are covered by and embody the '058 patent, including the 5 in 1 product and the 4 in 1 product.

33. Both the 5 in 1 product and the 4 in 1 product (hereinafter "Infringing Products") show infringement of the '058 patent.

34. Production of the 5 in 1 product and the 4 in 1 product literally infringes at least claims 1–3, 5–9, and 11 of the '058 patent.

35. Claim 1 of the '058 patent is reproduced here:

> 1. A method for implementing and providing a predetermined beauty treatment comprising:
> providing at least two separate packets of products to be used sequentially in the providing of the predetermined beauty treatment, each of the provided separate packets including a specific, predetermined quantity of one of the products for performance of a single discrete sequential step of the predetermined

beauty treatment utilizing the one of the products and being labeled with indicia representative of the sequential step to which each of the packets correspond in the predetermined beauty treatment; and

providing an outer packaging configured to receive and fit a predetermined number of said separate packets corresponding to the predetermined beauty treatment, the outer packaging being labeled with indicia representative of the predetermined beauty treatment.

36. A view of the outer packaging and separate packets of Defendant's 5 in 1 product is shown below:



37. A view of the outer packaging and separate packets of Defendant's 4 in 1 product is shown below:




38. As is apparent from the above images, the Infringing Products show that the Defendant infringed each and every element of at least claim 1 of the '058 patent.

39. The Defendant literally infringed at least claim 1.

40. Even if some feature of the present claims were not literally met, the 5 in 1 product and the 4 in 1 product infringe at least claims 1–3, 5–9, and 11 of the '058 patent under the doctrine of equivalents.

## COUNT II:
## INFRINGEMENT OF U.S. TRADEMARK REG. NO. 4,754,743

41. Paragraphs 1 through 40 are incorporated by reference herein.

42. Plaintiff has continuously used the Mark in interstate commerce since at least as early as August 18, 2014.

43. Plaintiff is the owner of all right, title and interest in and to the Mark and Trademark Registration.

44. Subsequent to Plaintiff's first use of the Mark in the United States, Defendant adopted and began to use a mark that is identical, and thus confusingly similar, to the Mark.

45. Defendant is not, and never has been, authorized or licensed by Plaintiff, nor has Defendant ever received permission from Plaintiff to use the Mark.

46. By the aforementioned sales of the 4 in 1 product, and upon information and belief, through Defendant's dealings in the Infringing Products, Defendant has violated Plaintiff's exclusive rights in and to its Mark, and has used designs that are confusingly and/or substantially similar to, identical to, and/or constitute counterfeiting and/or infringement of Plaintiff's Mark, to confuse consumers and aid in the promotion and sales of the Infringing Products.

47. Plaintiff has used the Mark in connection with its spa products long prior to Defendant's use.

48. Upon information and belief, Defendant had knowledge of Plaintiff's prior use and ownership of the Mark, and of the strength of Plaintiff's Mark and the goodwill associated therewith, and in bad faith adopted Plaintiff's Mark and product packaging.

49. Upon information and belief, Defendant has engaged in counterfeiting and infringing actions as alleged herein knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiff's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of Plaintiff.

50. Defendant's counterfeiting and infringing actions as alleged herein have caused and will cause confusion, mistake, and deceive consumers, the public, and the trade with respect to the source or origin of Defendant's infringing products, and cause consumers to erroneously believe that such infringing products are Plaintiff's products, licensed by Plaintiff or otherwise associated with Plaintiff.

51. In committing these acts, Defendant has, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm to Plaintiff: infringed Plaintiff's Mark; counterfeited Plaintiff's Mark; committed unfair competition; and unfairly profited from such activity at Plaintiff's expense.

52. Unless enjoined, Defendant will continue to cause irreparable harm to Plaintiff.

53. The infringement by Defendant has been willful and deliberate, and was and is designed specifically to trade upon goodwill associated with the Mark. Defendant benefits unfairly from Plaintiff's success and reputation, thereby giving Defendant's 4 in 1 product sales and commercial value it would not otherwise have.

54. Upon information and belief, Plaintiff's and Defendant's products are similar and operate through similar channels of trade to similar classes of consumers.

55. Defendant's actions are likely to cause confusion, to cause mistake, and to deceive consumers and others as to the source, nature, and quality of the goods offered by Defendant.

56. To the extent that consumers, already familiar with the Mark, encounter Defendant's products with the same mark, such consumers are likely to believe incorrectly that Plaintiff is the source of Defendant's goods, or that Defendant's goods are sponsored or endorsed by, or otherwise affiliated with, Plaintiff.

57. To the extent that customers or prospective customers become familiar with Defendant's use of the Mark first, and then later encounter Plaintiff's use of the Mark, such consumers are likely to suffer reverse confusion, believing incorrectly that Defendant is the source of Plaintiff's goods, that Plaintiff's services are sponsored or endorsed by or otherwise affiliated with Defendant or, even worse, that Plaintiff is a junior user and infringer.

58. Plaintiff has no control over the nature and quality of goods provided by Defendant. Any failure, neglect, or default by Defendant in providing such goods will reflect adversely on Plaintiff as the believed origin thereof, hampering efforts by Plaintiff to protect is reputation.

59. The goodwill of Plaintiff's business under the Mark is of enormous value, and Plaintiff will suffer irreparable harm should infringement be allowed to continue to the detriment of its trade reputation and goodwill.

60. Defendant has infringed and continued to infringe the Mark by, among other things, making, using, offering to sell, and selling in the United States, and/or importing into the United States, products that are covered by the Mark, including the 4 in 1 product identified in this Complaint.

61. Defendant's PEDI IN A BOX is "a spurious mark which is identical with, or substantially indistinguishable from" Plaintiff's registered Mark, and therefore is a counterfeit. 15 U.S.C. 1127

62. Plaintiff has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers, and goodwill flowing from Defendant's infringing activities. Plaintiff is suffering irreparable harm and damage as a result of the Defendant's acts and is entitled to an injunction, pursuant to 15 U.S.C. §1116, against Defendant's continuing infringement of the Mark. The full scope of damages is nearly

11

impossible to determine without discovery, as Defendant is selling products using the Mark to unknown third parties.

63. Based on such conduct, Plaintiff is entitled to injunctive relief, as well as monetary damages, and other remedies provided by §§ 1116, 1117, and 1118, including Defendant's profits, treble damages, or statutory damages, reasonable attorneys' fees, costs and prejudgment interest.

## COUNT III:
## FEDERAL UNFAIR COMPETITION UNDER THE LANHAM ACT

64. Paragraphs 1 through 63 are incorporated by reference herein.

65. Plaintiff is the owner of all right and title to the Mark.

66. Defendant's actions constitute unfair competition under 15 U.S.C. § 1125(a) by passing off its use of the Mark in a manner that is false, misleading, and that misrepresents the origin and quality of Defendant's products.

67. As a direct result of Defendant's above-described actions, Plaintiff has suffered and will continue to suffer damages in an amount unknown and to be determined at trial.

68. Defendant's actions constitute unfair competition and false designation or origin in violation of 15 U.S.C. § 1125(a).

69. Upon information and belief, Defendant's infringement has been and continues to be intentional and willful.

## COUNT IV:
## DILUTION UNDER TEX. BUS. & COMM. CODE § 16.103

70. Paragraphs 1 through 69 are incorporated by reference herein.

71. Through Plaintiff's longstanding and extensive use and the subsequent consumer recognition, the Mark on beauty treatment is famous and has acquired distinctiveness.

72. Defendant's use of its counterfeit mark for beauty treatment products offered online and to promote and sell its products has caused dilution by blurring of the Mark. Defendant's advertisement, offering for sale, and sale of products bearing spurious derivatives of the Mark and weakens Plaintiff's Mark and its ability to identify Plaintiff's distinctive products.

73. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer damages, including damage to its goodwill and reputation. Defendant's will continue to cause, irreparable harm to Plaintiff unless preliminarily and permanently enjoined.

## COUNT V:
## UNFAIR COMPETITION UNDER TEXAS COMMON LAW

74. Paragraphs 1 through 73 are incorporated by herein.

75. In the above-described acts Defendant dilutes and misappropriates Plaintiff's goodwill and reputation, which was earned through significant expenditure of labor, skills, and money; Defendant's conduct constitutes unfair competition under the common law of the State of Texas.

76. Defendant's actions have directly and proximately caused, and will continue to cause, irreparable harm to Plaintiff unless preliminarily and permanently enjoined.

## COUNT VI:
## UNJUST ENRICHMENT

77. Paragraphs 1 through 76 are incorporated by reference herein.

78. Defendant's conduct in intentionally using counterfeit marks, legally identical to Plaintiff's, in the promotion, sale, and packaging of its goods, as well as the inferior quality of Defendant's products and

Defendant's deceptive statements harms the reputation of consumers and draws consumers away from the purchase of legitimate Voesh products.

79. Defendant's actions have caused and will continue to cause, irreparable harm to Plaintiff unless preliminarily and permanently enjoined. Furthermore, there is no available remedy at law sufficient to make Plaintiff whole. Accordingly, Plaintiff is entitled to restitution from Defendant for the unjust benefits Defendant received as a result of Defendant's conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. For a judgment declaring that Defendant has infringed U.S. Patent No. 11,478,058;
2. For a judgement declaring that Defendant has infringed U.S. Trademark Reg. No. 4,754,743;
3. For a preliminary and permanent order enjoining Defendant and its officers, directors, agents, employees, affiliates and all other acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of the '058 patent.;
4. 3. For a preliminary and permanent order enjoining Defendant and its officers, directors, agents, employees, affiliates and all other acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from using the Mark, any mark confusingly similar thereto, and other further acts of infringement of the Mark, pursuant to 15 U.S.C. § 1116.
5. For a judgment awarding Plaintiff damages adequate to compensate for Defendant's infringement of the '058 patent, together with interest and costs, and in no event less

than a reasonable royalty, under 35 U.S.C. § 284, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

6. For a judgment declaring this case exceptional and awarding Plaintiff treble damages and pre-judgment interest under 35 U.S.C. § 284 and its reasonable attorney fees pursuant to 35 U.S.C. §285 as a result of Defendant's willful and deliberate infringement of Plaintiff's patent rights;

7. For a judgment awarding Plaintiff the greater of Plaintiff's actual damages or Defendant's profits deriving from the sale of products that infringe the Mark, and costs under 35 U.S.C. § 1117(a);

8. 7. For a judgment awarding Plaintiff statutory damages for use of counterfeit marks pursuant to 15 U.S.C. 1117(c).

9. For a judgment awarding Plaintiff its reasonable attorney fees pursuant to 15 U.S.C. 1117(a)

10. For a judgment awarding Plaintiff treble damages and pre-judgment interest under 15 U.S.C. § 1117(b) as a result of Defendant's sale of counterfeit products using the Mark;

11. For a judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs, and attorney fees in accordance with 35 U.S.C. §§ 284 and 285, 15 U.S.C. § 1117(a), and Rule 54(d) of the Federal Rules of Civil Procedure;

12. An award of damages to Plaintiff in an amount determined at trail for Defendant's unfair competition;

13. That Plaintiff have such other and further relief as the Court may deem just and proper, including all remedies provided for in 15 U.S.C. § 1117 and under any other Texas law.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury in this action pursuant to Fed. R. Civ. P. 38.

This the 26th day of June, 2023.

                                         */s/ J. David Cabello*
                                         Texas Bar No. 18514500
                                         **J. David Cabello**
                                         *Attorney-in-Charge*
                                         Texas Bar No. 03574500
                                         **Stephen D. Zinda**
                                         Texas Bar No. 24084147
                                         **James H. Hall**
                                         Texas Bar No. 24041040
                                         **Munira A. Jesani**
                                         Texas Bar No. 24101967
                                         **Cabello Hall Zinda, PLLC**
                                         801 Travis Street, Suite 1610
                                         Houston, TX 77002
                                         Telephone: (832) 631-9990
                                         Facsimile: (832) 631-9991
                                         David@CHZFirm.com
                                         Stephen@CHZFirm.com
                                         James@CHZFirm.com
                                         MJesani@CHZFirm.com

**OF COUNSEL**

**TUTUNJIAN & BITETTO, P.C.**
John G. Tutunjian, Esq
Edward P. Ryan, Esq.
401 Broadhollow Road, Suite 402
Melville, New York 11747
Tel:  (631) 844-0080
Fax:  (631) 844-0081
Email: edr@tb-iplaw.com
Email: john@tb-iplaw.com

                                         *Attorneys for Plaintiff Voesh Corporation*