**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| VOESH CORP., | § | |
| | § | |
| *Plaintiff and Counter-Defendant* | § | |
| | § | Civil Action No. 4:23-cv-2340 |
| v. | § | |
| | § | Jury Demanded |
| J&K BEAUTY SUPPLY, LLC, | § | |
| | § | |
| *Defendant and Counter-Plaintiff* | § | |
| | § | |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant and Counter-Plaintiff, J&K Beauty Supply, LLC ("J&K") by and through its undersigned counsel, submits the following answer, affirmative defenses, and counterclaims to the complaint submitted by Plaintiff and Counter-Defendant, Voesh Corp. ("Voesh").

**ANSWER**

1. J&K admits that Voesh has made the allegations under 35 U.S.C. § 271 and 15 U.S.C §§ 1114 and 1125(a), but denies the remainder of the allegations in Paragraph 1 of the complaint.

2. J&K admits that Voesh has made the allegations in Paragraph 2 of the complaint, but denies that Voesh's claims have merit and denies the allegations in Paragraph 2 of the complaint.

## JURISDICTION AND VENUE

3. J&K admits that this Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a) and denies the remainder of the allegations in Paragraph 3 of the complaint.

4. J&K admits that venue is proper in this district for purposes of this case and that J&K has principal place of business in this district. J&K denies the remainder of the allegations in Paragraph 4 of the complaint.

## THE PARTIES

5. J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the complaint, and therefore denies those allegations in Paragraph 5 of the complaint.

6. J&K admits that it has a place of business at 4613 5th St., Brookshire, Texas 77423. It denies the remainder of the allegations in Paragraph 6 of the complaint.

## PLAINTIFF'S PATENT AND BUSINESS

7. J&K admits that Exhibit A to the complaint appears to be a copy of U.S. Patent No. 11,478,058 (" the '058 patent"), entitled, "Method for Providing a Predetermined Beauty Treatment," and that it lists a filing date of July 8, 2020, an issue date of October 25, 2022, and an assignee of Voesh Corporation. J&K is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the complaint, and therefore denies those allegations in Paragraph 7 of the complaint.

8. J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the complaint, and therefore denies the allegations in Paragraph 8 of the complaint.

9. To the extent that Paragraph 9 of the complaint states legal conclusions, no response is required to those averments. To the extent than an answer is required, J&K denies that Voesh's claims have merit and denies the allegations in Paragraph 9 of the complaint.

10. J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the complaint, and therefore denies the allegations in Paragraph 10 of the complaint.

11. J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the complaint, and therefore denies those allegations in Paragraph 11 of the complaint. To the extent that Paragraph 11 states legal conclusions, no response is required to those averments.

12. J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the complaint, and therefore denies the allegations in Paragraph 12 of the complaint.

13. J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the complaint, and therefore denies the allegations in Paragraph 12 of the complaint.

14. J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the complaint, and therefore denies the allegations in Paragraph 14 of the complaint.

15. J&K admits that Exhibit B to the complaint appears to be a copy of U.S. Trademark Registration No. 4,754,743, and that it lists the mark as PEDI IN A BOX for body lotions, foot scrubs and skin masks, and indicates a class 3. J&K denies the remainder of the allegations in Paragraph 15 of the complaint.

16. J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the complaint, and therefore denies those allegations in Paragraph 16 of the complaint.

17. J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17of the complaint, and therefore denies those allegations in Paragraph 17 of the complaint.

18. J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the complaint, and therefore denies those allegations in Paragraph 18 of the complaint.

19. J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the complaint, and therefore denies those allegations in Paragraph 19 of the complaint.

20. J&K denies the allegation in Paragraph 20 of the complaint.

21. J&K denies the allegation in Paragraph 21 of the complaint.

22. J&K denies the allegation in Paragraph 22 of the complaint.

23. J&K denies the allegation in Paragraph 23 of the complaint.

24. J&K admits that Paragraph 24 of the complaint purports to identify a DELUXE PEDICURE® product that J&K sells under its PYRAMID SPA PRODUCTS® line of products, but J&K denies that Paragraph 24 of the complaint accurately describes or identifies the product, and J&K otherwise denies the remaining allegations of Paragraph 24 of the complaint.

25. J&K admits that it sells a variety of different DELUXE PEDICURE® products with differences that can include color and/or scent but J&K, but J&K denies that Paragraph 25 of the complaint accurately describes or identifies the product, and J&K otherwise denies the remaining allegations of Paragraph 25 of the complaint.

26. J&K admits that Paragraph 26 of the complaint purports to identify or show a product from the PYRAMID SPA PRODUCTS® line that J&K sells but J&K denies that Paragraph 26 of the complaint accurately describes or identifies the product. J&K otherwise denies the allegations of Paragraph 24 of the complaint, except that the product does have "Spa Pedicure" as part of its name.

27. J&K admits that it sells a variety of different "Spa Pedicure" products from its PYRAMID SPA PRODUCTS® line of products and that such differences can include color and/or scent. However, J&K denies that Paragraph 27 of the complaint accurately describes or identifies the products and therefore J&K otherwise denies the allegations of Paragraph 27 of the complaint.

28. J&K denies the allegations of Paragraph 28 of the complaint.

29. J&K denies the allegations of Paragraph 29 of the complaint.

<u>COUNT I</u>

30. J&K's answers in paragraphs 1 through 29 above to Paragraphs 1 through 29 of the complaint are incorporated by reference herein.

31. J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the complaint, and therefore denies those allegations in Paragraph 31 of the complaint.

32. To the extent that Paragraph 32 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 32 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 32 of the complaint.

33. To the extent that Paragraph 33 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 33 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 33 of the complaint.

34. To the extent that Paragraph 34 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 34 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 34 of the complaint.

35. J&K admits that Voesh has made the allegations that Claim 1 of the '058 patent is reproduced in Paragraph 35 of the complaint, and admits that the quote in Paragraph 35 of the complaint appears consistent with Claim 1 of the copy of the '058 patent provided in Exhibit A to the complaint. J&K is otherwise without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of the complaint, and therefore denies those allegations in Paragraph 35 of the complaint.

36. J&K admits that Voesh has made the allegation that Paragraph 36 of the complaint purports to provide a view of the outer packaging and separate packets of a DELUXE PEDICURE product of J&K, but J&K denies that Paragraph 36 accurately describes or identifies the product, and therefore J&K otherwise denies the allegations of Paragraph 36 of the complaint.

37. J&K admits that Voesh has made the allegation that Paragraph 37 of the complaint purports to provide a view of the outer packaging and separate packets of a PYRAMID SPA PRODUCTS® "Spa Pedicure" product of J&K, but J&K denies that Paragraph 37 accurately describes or identifies the product, and therefore J&K otherwise denies the allegations of Paragraph 37 of the complaint.

38. To the extent that Paragraph 38 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 38 of the complaint.

39. To the extent that Paragraph 39 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 39 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 39 of the complaint.

40. To the extent that Paragraph 40 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 40 of

the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 40 of the complaint.

COUNT II

41. J&K's answers in paragraphs 1 through 40 above to Paragraphs 1 through 40 of the complaint are incorporated by reference herein.

42. J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the complaint, and therefore denies those allegations in Paragraph 42 of the complaint.

43. J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the complaint, and therefore denies those allegations in Paragraph 43 of the complaint.

44. To the extent that Paragraph 44 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 44 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 44 of the complaint.

45. J&K admits that Voesh has made the allegations in Paragraph 45 in the complaint, but denies that Voesh's claims have merit and denies the allegations in Paragraph 45 of the complaint.

46. To the extent that Paragraph 46 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 46 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 46 of the complaint.

47. J&K denies that has ever used the Mark PEDI IN A BOX as a trademark. J&K is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 of the complaint, and therefore also denies those allegations in Paragraph 47 of the complaint.

48. J&K admits that Voesh has made the allegations in Paragraph 48 in the complaint, but denies that Voesh's claims have merit and denies the allegations in Paragraph 48 of the complaint.

49. J&K admits that Voesh has made the allegations in Paragraph 49 in the complaint, but denies that Voesh's claims have merit and denies the allegations in Paragraph 49 of the complaint.

50. To the extent that Paragraph 50 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 50 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 50 of the complaint.

51. To the extent that Paragraph 51 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 51 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 51 of the complaint.

52. To the extent that Paragraph 52 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 52 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 52 of the complaint.

53. To the extent that Paragraph 53 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 53 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 53 of the complaint.

54. J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the complaint, and therefore denies those allegations in Paragraph 54 of the complaint, except that J&K admits that both it and Voesh sell nail and spa products, at least in part, and that they both sell to some of the same suppliers of nail and spa products who sell to various professional users or resellers.

55. To the extent that Paragraph 55 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 55 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 55 of the complaint.

56. To the extent that Paragraph 56 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 56 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 56 of the complaint.

57. To the extent that Paragraph 57 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 57 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 57 of the complaint.

58. J&K admits that Voesh has made the allegations in Paragraph 58 in the complaint, but denies that Voesh's claims have merit and denies the allegations in Paragraph 58 of the complaint.

59. To the extent that Paragraph 59 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 59 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 59 of the complaint.

60. To the extent that Paragraph 60 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 60 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 60 of the complaint.

61. To the extent that Paragraph 61 of the complaint states legal conclusions, no response is required to those averments. To the extent that an answer is otherwise required, J&K denies that it has ever used the Mark PEDI IN A BOX as a trademark, denies that Voesh's claims have merit and denies the remaining allegations in Paragraph 61 of the complaint.

62. To the extent that Paragraph 62 of the complaint states legal conclusions, no response is required to those averments. To the extent that an answer is otherwise required, J&K denies that Voesh's claims have merit, denies that Voesh is entitled to an injunction, and denies the remaining allegations in Paragraph 62 of the complaint.

63. To the extent that Paragraph 63 of the complaint states legal conclusions, no response is required to those averments. To the extent that an answer is otherwise

required, J&K denies that Voesh's claims have merit, denies that Voesh is entitled to an injunction or any monetary damages, attorneys' fees, costs, or prejudgment interest, and denies the remaining allegations in Paragraph 63 of the complaint.

COUNT III

64. J&K's answers in paragraphs 1 through 63 above to Paragraphs 1 through 63 of the complaint are incorporated by reference herein.

65. J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the complaint, and therefore denies those allegations in Paragraph 65 of the complaint.

66. To the extent that Paragraph 66 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 66 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 66 of the complaint.

67. To the extent that Paragraph 67 of the complaint states legal conclusions, no response is required to those averments. To the extent that an answer is otherwise required, J&K denies that Voesh's claims have merit and denies the allegations in Paragraph 67 of the complaint.

68. To the extent that Paragraph 68 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 68 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 68 of the complaint.

69. To the extent that Paragraph 66 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 69 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 69 of the complaint.

COUNT IV

70. J&K's answers in paragraphs 1 through 69 above to Paragraphs 1 through 69 of the complaint are incorporated by reference herein.

71. To the extent that Paragraph 71 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 71 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 71 of the complaint.

72. To the extent that Paragraph 72 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 72 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 72 of the complaint.

73. To the extent that Paragraph 73 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 73 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 73 of the complaint.

COUNT V

74. J&K's answers in paragraphs 1 through 73 above to Paragraphs 1 through 73 of the complaint are incorporated by reference herein.

75. To the extent that Paragraph 75 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 75 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 75 of the complaint.

76. To the extent that Paragraph 76 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 76 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 76 of the complaint.

COUNT VI

77. J&K's answers in paragraphs 1 through 76 above to Paragraphs 1 through 76 of the complaint are incorporated by reference herein.

78. To the extent that Paragraph 78 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 78 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 78 of the complaint.

79. To the extent that Paragraph 79 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 79 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 79 of the complaint.

**GENERAL DENIAL**

J&K denies each and every allegation in the complaint that is not specifically admitted and demands strict proof thereof.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

J&K denies that Voesh is entitled to the judgment and relief prayed for in paragraphs numbered 1 through 13 on pages 14 through 16 of the complaint.

## AFFIRMATIVE AND OTHER DEFENSES

J&K states the following affirmative and other defenses:

1. J&K does not infringe and has not infringed any valid claim of the '058 patent (U.S. Patent No. 11,478,058, which is the asserted patent herein) under any theory of infringement.

2. The complaint fails to state a claim upon which relief can be granted. In particular, the complaint fails to state how and where each limitation of any claim of the '058 patent is found in any product made, used, sold, or offered for sale by J&K.

3. The complaint fails to state a claim upon which relief can be granted. In particular, the complaint fails to state how and where each limitation of any claim of the '058 patent is performed or conducted or otherwise done or carried out by J&K.

4. Each asserted claim of the '058 patent is invalid for failure to meet one or more of the requirements or conditions for patentability under 35 U.S.C. § 101.

5. Each asserted claim of the '058 patent is invalid for failure to meet one or more of the requirements or conditions for patentability under 35 U.S.C. § 102.

6. Each asserted claim of the '058 patent is invalid for failure to meet one or more of the requirements or conditions for patentability under 35 U.S.C. § 103.

7. Each asserted claim of the '058 patent is invalid for failure to meet one or more of the requirements or conditions for patentability under 35 U.S.C. § 112.

8. The ‘058 patent is unenforceable because of inequitable conduct during prosecution of the patent.

9. Voesh failed to mark its products with notice of the ‘058 patent as required by 35 U.S.C. § 287.

10. Voesh failed to notify J&K of the ‘058 patent before serving J&K with notice of this lawsuit.

11. J&K had developed their products in suit accused of infringing the ‘058 patent long before the ‘058 patent issued, and before this lawsuit was filed and served notifying J&K of the patent.

12 J&K does not infringe and has not infringed any enforceable claim of the ‘058 patent.

13. Voesh’s claims are barred by the equitable doctrine of unclean hands.

14. Voesh’s claims are barred, in whole or in part, by the equitable doctrines of acquiescence, laches or estoppel.

15. The complaint fails to state a claim upon which relief can be granted. In particular, the complaint fails to state how and where J&K infringed the PEDI IN THE BOX trademark.

16. Any and all uses by J&K of the “PEDI IN THE BOX” trademark have been and are solely a nominative use, or a descriptive use, or fair use of that trademark.

17. Voesh failed to notify J&K of Voesh’s claims related to the PEDI IN THE BOX trademark before serving J&K with notice of this lawsuit.

18. There is no likelihood of confusion between Voesh's PEDI IN THE BOX trademark and any of J&K's trademarks used on any of J&K's products in suit.

19. There is no likelihood of confusion as to the source of J&K's products in suit.

20. Voesh has sustained no harm, irreparable or otherwise, from J&K's product packaging of J&K's products in suit.

21. Customers of J&K's products do not think J&K's products are sourced from, sponsored by, or approved by Voesh.

22. All of J&K's products in suit are clearly marked with J&K's own federally registered trademarks, including PYRAMID®, PYRAMID SPA PRODUCTS®, and DELUXE PEDICURE®, which are the subject respectively of U.S. Trademark Registration Nos. 5914707, 6750123, and 5217312. True copies of these federal trademark registrations are attached respectively at Exhibit A, Exhibit B, and Exhibit C.

23. Potential customers of J&K's products in suit can readily recognize that the source of those products is J&K.

24. Potential customers of J&K's products in suit would not readily or reasonably think that those products were sourced from or sponsored or approved by Voesh.

25. Customers and potential customers of J&K's products in suit are sophisticated and careful consumers who are familiar with J&K's products and do not likely or reasonably think that J&K is affiliated with Voesh.

26. Voesh's customers are sophisticated and careful consumers who are familiar with Voesh's products, and know where to buy them.

27. J&K has never used PEDI IN A BOX as a trademark or made a trademark use of "Pedi in a Box," and J&K has not diluted Voesh's trademark.

28. Voesh's unjust enrichment claims in COUNT VI fail on ground that such claims are not an independent cause of action under Texas law.

29. Voesh's unjust enrichment claims in COUNT VI fail because any use by J&K of the PEDI IN A BOX mark or phrase has been lawful.

30. Any use by J&K of the PEDI IN A BOX mark or phrase did not begin before the year 2023 and hence such use has been and is *de minimus.*

31. Voesh's common law unfair competition claims in COUNT V are preempted by federal law.

32. Any remedy under Voesh's common law unfair competition claims is limited to Texas activities.

33. Voesh's common law trademark infringement claims are preempted by federal law.

34. Any remedy under Voesh's Texas state law dilution claims is limited to Texas activities.

35. Voesh's claims of dilution of the PEDI IN A BOX trademark fail for lack of requisite fame of that mark.

36. J&K has not counterfeited any Voesh product.

37. Voesh's claims respecting counterfeiting or "passing off" are limited to legal conclusions that lack reasonable basis or merit.

38. Voesh has failed to claim any reasonable basis for the case being considered "exceptional," and Voesh's claims for enhanced damages and attorney fees lack merit.

39. Voesh's federal and state law claims are redundant and thereby improperly seek duplicative or redundant damages.

40. Voesh's federal law claims improperly seek duplicative or redundant damages.

41. Voesh's state law claims improperly seek duplicative or redundant damages.

42. Voesh's claims for injunctive relief lack reasonable basis or merit.

43. All relief should be denied Voesh under principles of equity.

44. Any confusion of any of J&K products with any of Voesh's products, whether or not cited by Voesh in this lawsuit, is due to Voesh's use of J&K's federally registered trademark DELUXE PEDICURE on Voesh's products similar or identical to J&K's products bearing that trademark of J&K.

45. Any confusion of any of J&K products with any of Voesh's products, whether or not cited by Voesh in this lawsuit, is due to Voesh's use on its products of J&K's packaging trade dress in association with J&K's federally registered trademark DELUXE PEDICURE.

46. The phrase "pedi in a box" commonly means "pedicure in a box" or a kit for a pedicure and is descriptive of J&K's products in suit that for a brief time included that phrase in some of the packaging.

47. J&K respectfully reserves the right to assert additional affirmative defense based upon further investigation and discovery, at which time J&K will seek to amend this Answer to add such additional defenses.

## COUNTERCLAIMS

J&K alleges the following counterclaims against Voesh.

**THE PARTIES**

1. J&K Beauty Supply, LLC ("J&K"), is a limited liability company organized and existing under the laws of the state of Texas, having a principal place of business at 3923 Addison Ranch Lane, Fulshear, Texas 77441.

2. Voesh Corp. ("Voesh"), is the party who brought this lawsuit against J&K and who has represented itself as a New York corporation with a principal place of business at 5001 Hadley Rd, Suite 101, South Plainfield, NJ 07080.

**JURISDICTION AND VENUE**

3. These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 101 et seq., under the Lanham Act, 15 U.S.C. § 1051 et seq., and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. § 1331 and 1338, and supplemental jurisdiction over J&K's state law claims under 28 U.S.C. § 1367.

5. Voesh has submitted to personal jurisdiction and venue in this Court by filing this complaint against J&K.

6. Based on Voesh's filing of the Complaint and J&K's affirmative defenses asserted herein, an actual and justiciable controversy has arisen and now exists between Voesh and J&K as to the infringement and validity of the patent in suit, U.S. Patent No. 11,478,058 ("'058 patent") issued October 25, 2022.

**FIRST COUNTERCLAIM**
**DECLARATORY JUDGMENT OF PATENT INVALIDITY**

7. J&K repeats and re-alleges the allegations of Paragraphs 1 through 6 of these Counterclaims, as if fully set forth here.

8. One or more claims of the '058 patent are invalid under 35 U.S.C. § 101 for being directed to an abstract idea which is unpatentable subject matter. For example, claim 1 is directed to "a method for implementing and providing a predetermined beauty treatment" by "providing at least two separate packets containing products to be used sequentially" in providing a predetermined beauty treatment where the packets are labeled to represent the sequential step and "providing an outer packaging" for those packets where the outer packaging is labeled "with indicia representative of the predetermined beauty treatment." This claim concerns merely basic building blocks of human ingenuity and is directed to nothing more than a method of organizing human activity.

9. One or more claims of the '058 patent are invalid for anticipation under 35 U.S.C. § 102 in view of the following prior art reference, entitled, "Pocket-Sized

Packages," beautypackaging.com, September 7, 2014, at *https://web.archive.org/web/20140907095853/https://www.beautypackaging.com/issues/2014-09/view_features/pocket-sized-packages/,* a copy of which is attached as Exhibit D. For example, the prior art reference at Exhibit D reports:

> A long-term customer of Sonic Packaging, Westwood, NJ, recently sought to create a trial program for its new line of eight lotions and creams, but wasn't sure of the most efficient manner to achieve their short and long term goals. "The driving force on this sampling program was trial of the complete line of products, and to ensure the consumer would use the products in proper sequence for maximum benefit," says Sonic's Doug Rofheart.
>
> The Sonic team produced a regimen of five products (Product line A) and another regimen of three products (Product line B) that were connected by perforated, multi- layer, film-laminated sachets, that were inserted into a four-color process plus three-color match book. "With our customers' direct sales model," says Rofheart, "the beautifully printed sachets and match books carried both our customers' graphic presentation and message that would drive future sales of their full size packages."

For another example, the reference at Exhibit D lists "Top 5 Benefits of Unit Dose Packaging," including that, "Single-dose packaging provides a measured dose per usage, ensuring the correct amount of product is dispensesd to get the desired results."

10. One or more claims of the '058 patent are invalid for anticipation under 35 U.S.C. § 102 in view of the following prior art reference, entitled, "Everest Packaging," everestpackaging.com, January 8, 2010, at *https://web.archive.org/web/20100108013406/http://www.everestpackaging.com/index.html,* a copy of which is attached as Exhibit E. For example, the prior art reference at Exhibit E shows a multi-piece packaging (Bio-Diet) (copied below), that is a box

containing multiple packets each containing a different product and having different color labels to distinguish the different products.




11. One or more claims of the ‘058 patent are invalid for anticipation under 35 U.S.C. § 102 in view of the following prior art reference, entitled “3 Day So Easy Colon Cleanse,” bestorganicwheatgrass.com, January 31, 2015, at *https://web.archive.org/web/20150131200326/http://www.bestoraganicwheatgrass.com:80/products/the-3-day-so-easy-colon-cleanse*, a copy of which is attached as Exhibit F. For example, the prior art reference at Exhibit F shows packaging with multiple distinct units (orange, red, silver), (copied below), for use in sequence over a three day period.



12. One or more claims of the ‘058 patent are invalid for anticipation under 35 U.S.C. § 102 in view of the following prior art reference, U.S. Patent No. 7,624,869,

issued to Primer on December 1, 2009, a copy of which is attached as Exhibit G. For example, the prior art reference in Exhibit G discloses a wound care package providing a wound care product for treating a severe wound and including at least one of a silver antimicrobial wound dressing, a silver antimicrobial barrier wound dressing, a non-adhesive foam wound dressing, an adhesive foam wound dressing, a hydrogel with silver, a hydrogel filler with silver, a hydrogel sheet with silver, a hydrogel perforated sheet with silver, and a hydro gel barrier with silver, a foam, or a foam with silver. The wound care product is stored prior to usage in an individual package in the form of a pouch. A booklet-type label is affixed to the exterior of the individual package and has a removable label attached to it. A secondary label having a set of directions for applying the wound care product is attached to the exterior surface of the individual packages. A plurality of such individual packages is contained in a box which has usage information printed on the exterior of the box. Figure 1 from this prior art reference at Exhibit G is copied below.



13. One or more claims of the '058 patent are invalid for anticipation under 35 U.S.C. § 102 in view of the following prior art reference, U.S. Patent No. 6,820,744, issued to Hoffman on November 23, 2004, a copy of which is attached as Exhibit H. For example, the prior art reference of Exhibit H discloses a skin care product delivery system wherein the carrier cover has a first portion and a second portion. The first portion is associated with a first plurality of cavities in the product carrier that hold a first set of skin care products for use during a first time period and the second portion is associated with a second plurality of cavities in the product carrier that hold a second set of skin care products for use during a second time period. The packaging for the skin care products can be used at home or away with cavities for functionally different products, and with seals and descriptive labels for use over the cavities. Figure 1 from this prior art reference at Exhibit H is copied below.

FIG. 1




14. One or more claims of the '058 patent are invalid for anticipation under 35 U.S.C. § 102 in view of the following prior art reference, U.S. Patent No. 6,272,260,

issued to ColDepietro et al. on August 14, 2001, a copy of which is attached as Exhibit I. For example, the prior art reference of Exhibit I discloses a packaging system for storing and dispensing individual doses of medication on prescribed days. The packaging system has a first sheet with individual doses of medication which are removably held thereon, a second sheet adapted to be folded over the first sheet, labels on the first or second sheet where each label corresponds to one dose of medication and each such label is removable for attachment to a calendar to serve as a reminder of the day on which the corresponding individual dose of medication is to be taken. The packaging system also has a sleeve with one open end for receiving the first and second sheets in a folded state. Figure 1 from this prior art reference at Exhibit I is copied below.




15. One or more claims of the ‘058 patent are invalid for anticipation under 35 U.S.C. § 102 in view of the following prior art reference, U.S. Patent No. 7,241,066, issued to Rosen et al. on July 10, 2007, a copy of which is attached as Exhibit J. For example, the prior art reference of Exhibit J discloses packets which can provide two or more pouches of product and which can provide different products, within the same

container or packet. Product information is included on the container. Figure 1 from this prior art reference at Exhibit J is copied below.




16. One or more claims of the '058 patent are invalid for obviousness under 35 U.S.C. § 103 in view of any of the prior art references at Exhibit D, Exhibit E, Exhibit F, Exhibit G, Exhibit H, Exhibit I, and Exhibit J, when each is considered alone, or in any combination of two or more of these prior art references.

17. One or more claims of the '058 patent are invalid for failure to meet the written description, enablement, and definiteness requirements of 35 U.S.C. § 112. For example, claim recites as follows:

> 1. A method for implementing and providing a predetermined beauty treatment comprising:
>
> providing at least two separate packets of products to be used sequentially in the providing of the predetermined beauty treatment, each of the provided separate pockets including a specific, predetermined quantity of one of the products for performance of a single discrete sequential step of the predetermined beauty treatment utilizing the one of the products and

being labeled with indicia representative of the sequential step to which each of the pockets correspond in the predetermined beauty treatment; and

providing an outer packaging configured to receive and fit a predetermined number of said separate packets corresponding to the predetermined beauty treatment, the outer packaging being labeled with indicia representative of the predetermined beauty treatment.

The specification does not contain an adequate written description of the claimed subject matter or the specification does not enable the claimed subject matter because the specification does not provide an explanation of how the quantity of the products for the steps of the beauty treatment are predetermined. For example, the specification teaches that a beauty treatment can be a pedicure and a product can be for a soak. The specification further states that the "primary packaging … may contain a single-serving of an indicated beauty or skin-care product" for application "as a step as part of treatment," and that "[b]ecause the primary packaging … may contain a pre-measured amount of an indicated beauty or skin-care product, a standardized application of product may be possible." However, the specification provides no advice, explanation, or examples of how much such "pre-measured amount" or quantity of such products might be determined or what a "standardized application" would comprise. One of ordinary skill in the art would appreciate that a product for a soak in a pedicure is dissolved or dispersed in water used for the pedicure, and that the quantities of such water can vary from one person to the next, from one spa chair or pedicure tub to the next, and from one spa to the next. Thus the concentration of the soak product in the water will inevitably vary. Nevertheless, the amount of product in the package of the invention is said to be "predetermined." However, one of ordinary skill in the art cannot determine from the

description in the patent what the desired quantity ratio of soak product to water, or the concentration of the soak product in the water, should be or how the quantity of product in the package is "pre-determined." The claim term "predetermined" is indefinite because it is not sufficiently defined in the specification so as to inform, with reasonable certainty, those skilled in the art about the scope of the claimed invention.

18. The controversy between the parties is sufficient to entitle J&K to a declaratory judgment pursuant to 28 U.S.C. § 2201 et seq. and Fed. R. Civ. P. 57 that the '058 patent is invalid.

**SECOND COUNTERCLAIM**
**FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

19. J&K repeats and re-alleges the allegations of Paragraphs 1 through 6 of these Counterclaims, as if fully set forth here.

20. As its second ground for relief, J&K alleges federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

21. J&K is the owner of all right, title, and interest in federal trademark registration, Reg. No. 5,217,312, which issued June 6, 2017, on the principal register of the United States Patent and Trademark Office, for the mark DELUXE PEDICURE (J&K's Mark). That registration covers various products including foot masks for skin care; foot scrubs; non-medicated exfoliating preparations for feet and other goods identified in the registration, a true copy of which is attached Exhibit C. The right to use this trademark has become incontestable under the provisions of 15 U.S.C. § 1065. The registration is valid and subsisting and has never been canceled.

22. J&K sells goods under J&K's Mark to suppliers of nail and spa products who in turn sell to professional users of the products in spas, manicure and pedicure salons, hair and beauty salons, and the like, throughout the United States.

23. Voesh is not, and has never been, authorized or licensed by J&K to use J&K's Mark, and on information and belief Voesh has never received permission to use J&K's Mark.

24. J&K's Mark is distinctive as applied to J&K's goods that bear J&K's Mark.

25. Notwithstanding J&K's established rights in J&K's Mark, upon information and belief, Voesh adopted and confusingly used the same, identical trademark, DELUXE PEDICURE, in interstate commerce in connection with the sale and offering for sale of nail and spa products, including products for use in conducting manicures and pedicures.

26. Voesh sells its nail and spa products bearing J&K's Mark to some of the same suppliers of nail and spa products that J&K sells its nail and spa products bearing J&K's Mark.

27. Some of the same suppliers of nail and spa products that resell online J&K's products bearing J&K's Mark also resell online Voesh's nail and spa products bearing J&K's Mark.

28. J&K's Mark is registered as a word mark to cover the use of that mark, DELUXE PEDICURE, in any font or style. See a true copy of the registration at Exhibit C.

29. J&K's Mark as it appears on Voesh's products and goods is shown in an example product below. Voesh has used both "DELUXE PEDICURE," and then "DELUXE" for short:







A full version of these photographs and some other examples are shown in Exhibit K.

30. J&K's Mark as used by J&K on one of J&K's products and goods for example is shown below:



A larger version of this photograph is shown in Exhibit L.

31. Without J&K's consent, Voesh has used and continues to use J&K's Mark in connection with the sale, offering for sale, distribution, or advertising of Voesh's goods.

32. Voesh has engaged in its infringing activity despite having constructive notice of J&K's federal registration rights under 15 U.S.C. § 1072 and, upon information and belief, despite having actual knowledge of J&K's use of J&K's Mark.

33. Voesh's actions are likely to mislead the public into concluding that its goods originate with or are authorized by J&K, which will damage both J&K and the public. J&K has no control over the quality of goods sold by Voesh and because of the source confusion caused by Voesh, J&K has lost control over its valuable goodwill.

34. Upon information and belief, Voesh has advertised and offered its goods for sale using J&K's Mark with the intention of misleading, deceiving, or confusing consumers as to the origin of Voesh's goods and of trading on J&K's reputation and goodwill. Voesh's use of J&K's Mark constitutes willful, deliberate, and intentional trademark infringement.

35. Voesh's unauthorized use of J&K's Mark in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114 and has caused and is likely to continue to cause consumer confusion, mistake, or deception.

36. As a direct and proximate result of Voesh's trademark infringement, J&K has suffered and will continue to suffer irreparable loss of income, profits, and goodwill

and Voesh has unfairly acquired and will continue to unfairly acquire income, profits, and goodwill.

37. Voesh's acts of infringement will cause further irreparable injury to J&K if Voesh is not restrained by this Court from further violation of J&K's rights. J&K has no adequate remedy at law.

## THIRD COUNTERCLAIM
## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

38. J&K repeats and re-alleges the allegations of Paragraphs 1 through 6 and 19 through 37 of these Counterclaims, as if fully set forth here.

39. As its third ground for relief, J&K alleges federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. Voesh's unauthorized marketing and sale of its products in interstate commerce using J&K's Mark constitutes use of a false designation of origin or false representation that wrongfully and falsely designates Voesh's products as originating from or connected with J&K, and constitutes the use of false descriptions or representations in interstate commerce. The actions of Voesh as alleged herein constitute intentional, willful, knowing, and deliberate unfair competition.

41. Further Voesh's positioning of J&K's Mark on Voesh's packaging, in the center of the packaging, is like the positioning that J&K uses for its J&K Mark on its packaging, as shown in the example photos below.







42. J&K has common law trade dress rights in the use, positioning and overall appearance of the J&K Mark on its product packaging.

43. Voesh's copying of J&K's common law trade dress in the use, positioning and overall appearance of J&K's Mark on packaging of Voesh products that are competitive with J&K's products further constitutes use of a false designation of origin or false representation that wrongfully and falsely designates Voesh's products as originating from or connected with J&K, and constitutes the use of false descriptions or representations in interstate commerce. The actions of Voesh as alleged herein constitute intentional, willful, knowing, and deliberate unfair competition.

44. On information and belief, Voesh's products bearing J&K's Mark are made in Korea. J&K's products bearing J&K's Mark are made in the United States of America.

45. Voesh is a competitor of J&K for nail and spa products. The pedicure products that Voesh labels with J&K's Mark compete in the marketplace with J&K's pedicure products that J&K labels with J&K's Mark.

46. Some customers and potential customers of nail and spa products in the United States prefer products made in the United States over products made in other countries, including Korea.

47. Some customers and potential customers of nail and spa products in the United States prefer products made in the United States even if the products made in the United States cost more or are priced higher than competitive products made in other countries and imported into the United States.

48. Voesh's actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

49. On information and belief, Voesh's actions also violate 15 U.S.C. § 1125(b).

50. As a direct and proximate result of Voesh's unfair competition, J&K has suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Voesh has and will continue to acquire income, profits, and goodwill.

51. Voesh's acts of unfair competition will cause further irreparable injury to J&K if Voesh is not restrained by this Court from further violation of J&K's rights. J&K has no adequate remedy at law.

## FOURTH COUNTERCLAIM
## DILUTION UNDER TEXAS BUS. & COMM. CODE § 16.103

52. J&K repeats and re-alleges the allegations of Paragraphs 1 through 6 and 19 through 51 of these Counterclaims, as if fully set forth here.

53. J&K is owner of the trademark, DELUXE PEDICURE, for various nail and spa products with respect to which that mark is widely recognized by the public throughout the state of Texas or at least in the greater Houston metropolitan area of Texas, as a designation of source as to those goods of J&K.

54. J&K's DELUXE PEDICURE mark is famous and distinctive for the purposes of Texas Business and Commerce Code Section 16.103.

55. Voesh willfully intended to cause and has caused dilution of J&K's DELUXE PEDICURE trademark.

56. J&K's DELUXE PEDICURE mark was famous before Voesh used it.

57. J&K is entitled to injunctive relief throughout Texas or at least throughout the geographic area in Texas in which J&K's DELUXE PEDICURE Mark is found to have become famous before the use by Voesh.

59. J&K is further entitled to all profits derived for or damages resulting from Voesh's wrongful acts, and to enhanced damages and attorneys fees.

**FIFTH COUNTERCLAIM**
**TEXAS COMMON LAW TRADEMARK INFRINGEMENT**
**AND UNFAIR COMPETITION**

60. J&K repeats and re-alleges the allegations of Paragraphs 1 through 6 and 19 through 59 of these Counterclaims, as if fully set forth here.

61. As its fifth ground for relief, J&K alleges common law trademark infringement and unfair competition under Texas law.

62. J&K has Texas common law trademark rights in its mark DELUXE PEDICURE and its trade dress in positioning its mark DELUXE PEDICURE in the middle of its packaging for its nail and spa products, as shown in the picture in Exhibit L.

63. J&K's DELUXE PEDICURE trademark and trade dress are distinctive as to J&K through repeated and consistent use throughout the greater Houston metropolitan area, extending throughout Texas, and with the aid of the internet and interstate marketing and sales, throughout the United States.

64. J&K's DELUXE PEDICURE trademark and trade dress are non-functional and Voesh's use on similar products is likely to cause confusion in the marketplace.

64. Voesh's actions described in the Paragraphs above have diluted and misappropriated J&K's goodwill in J&K's DELUXE PEDICURE trademark and trade dress and are likely to deceive consumers and the public with respect to the source or origin of Voesh's infringing products. Voesh's actions are likely to cause consumers and the public to erroneously believe that Voesh's infringing products are J&K's products, licensed by J&K, or otherwise associated with J&K.

65. In committing these acts, Voesh has, among other things, willfully and in bad faith infringed J&K's DELUXE PEDICURE mark and trade dress, and Voesh has committed unfair competition, intending to confuse or to deceive the public by knowingly using J&K's DELUXE PEDICURE trademark and trade dress.

66. Voesh has thereby unfairly profited and become unjustly enriched at J&K's expense, such that it would be unjust for Voesh to retain such benefits without commensurate compensation to J&K.

67. J&K has no adequate remedy at law for the damages caused by Voesh's infringing and unfair actions. J&K is entitled to an injunction preventing Voesh from continuing to use and to profit from J&K's DELUXE PEDICURE trademark and trade dress, and J&K is also entitled to Voesh's profits from the trademark and trade dress infringement, and to reimbursement of J&K's reasonable attorney's fees in this action.

## PRAYER FOR RELIEF

WHEREFORE, J&K requests that this Court grant the following relief:

A. Dismissal of the complaint with prejudice and grant of judgment in Counterclaim Plaintiff J&K's favor;

B. A judgment against Voesh finding that J&K has not and does not infringe any valid claim of the '058 patent;

C. A declaratory judgment that the '058 patent is invalid;

D. A judgment that J&K's registered trademark has been and continues to be infringed by Voesh in violation of 15 U.S.C. § 1114(1);

E. A judgment that Voesh's use of J&K's registered trademark and associated trade dress constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a).

F. A judgment that Voesh's use of J&K's DELUXE PEDICURE trademark constitutes dilution of that mark under Texas Business and Commerce Code § 16.103.

G. A judgment that Voesh's use of J&K's DELUXE PEDICURE trademark and trade dress constitutes common law trademark infringement and common law unfair competition under Texas state law.

H. A permanent injunction enjoining and restraining Voesh and each of its agents, representatives, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them from using J&K's registered mark, with or without its accompanying trade dress, or any other designation, alone or in combination with other words or symbols, as a trademark or trade name component or otherwise, to market, advertise, distribute, or identify Voesh's products where that designation would create a likelihood of confusion, mistake or deception with J&K's Mark.

I. Pursuant to 15 U.S.C. § 1116(a), an Order to Voesh to file with the Court and serve on J&K within thirty days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Voesh has complied with the injunction.

J. Pursuant to 15 U.S.C. § 1118, an Order that Voesh and all others acting under Voesh's authority, at their cost, be required to deliver up and destroy all packaging,

literature, advertising, labels, and other material in their possession bearing the J&K's trademark.

K. An award to J&K of all damages it sustained as the result of Voesh's acts of infringement and unfair competition, said amount to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117 and Texas Business and Commerce Code § 16.103.

L. Costs and reasonable attorney's fees relating to this action pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 1117(a) and Texas common law.

M. Such other and further relief as the Court may deem just and proper.

REQUEST FOR JURY TRIAL

J&K demands a jury trial on all issues so triable.

Dated: July 31, 2023

Respectfully submitted,

*/s/Karen B. Tripp*
Karen B. Tripp
*Attorney in Charge*
Texas State Bar No. 03420850
Southern District of Texas No. 2345
4265 San Felipe, Suite 1100
Houston, Texas 77027
(713) 658-9323 office phone
(823) 798-7576 cell phone
ktripp@tripplaw.com
tripp.karen@gmail.com
Attorney for Defendant and
Counter-Plaintiff,
**J&K BEAUTY SUPPLY, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2023, the foregoing document with exhibits was sent by operation of the Court's electronic filing system to J. David Cabello, and his associated counsel Stephen D. Zinda, James H. Hall, Munira A. Jesani, all of Cabello Hall Zinda, PLLC, counsel for Plaintiff and Counter-Defendant, Voesh Corp.

Dated: July 31, 2023

*/s/Karen B. Tripp*
Karen B. Tripp