**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| VOESH CORPORATION,<br><br>Plaintiff<br><br>v.<br><br>J & K Beauty Supply, LLC<br><br>Defendant. | **Case No. 23-cv-2340**<br><br>**JURY DEMANDED** |

## ANSWER TO COUNTERCLAIMS

Plaintiff Voesh Corporation ("Plaintiff" or "Voesh") responds to the allegations of Defendant J & K Beauty Supply, LLC, ("Defendant" or "J&K") as follows:

J&K Beauty Supply, LLC ("J&K") repeats and incorporates by reference all allegations in its Answer, Affirmative Defenses and Counterclaims in Paragraphs (1-79.) Voesh responds to the Answer, Affirmative Defenses and Counterclaims as follows.

Answer Paragraphs 1-79: These paragraphs do not require a response by Voesh. To the extent an answer is required, Voesh denies any affirmative allegations made by J&K.

Affirmative Defenses Paragraphs 1-47: These paragraphs do not require a response by Voesh. To the extent an answer is required, Voesh denies the allegations in Affirmative Defense paragraphs 1-47.

## ANSWER TO COUNTERCLAIMS

### THE PARTIES

1. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the counter-claims, and therefore denies the same.

2. Admitted.

### JURISDICTION AND VENUE

3. Admitted.

4. Admitted as to the counter-claims relating to Plaintiff's U.S. Patent No. 11,478,058 (the '058 patent), denied as to the remainder of the allegations in paragraph 4.

5. Admitted.

6. Admitted.

### FIRST COUNTERCLAIM OF DECLARATORY JUDGMENT OF PATENT INVALIDITY

7. Plaintiff's answers in paragraphs 1–6 above are incorporated by reference herein.

8. The language of the claim speaks for itself All allegations in paragraph 8 are denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. The language of the claim speaks for itself. All allegations in paragraph 17 are denied.

18. Denied.

## SECOND COUNTERCLAIM OF FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

19. Plaintiff's answers in paragraphs 1–18 above are incorporated by reference herein.

20. Denied.

21. Plaintiff lacks information sufficient to form a belief as to the truth of the allegations in paragraph 21, particularly of the ownership of Federal Trademark Registration No. 5,217,312 (hereinafter "Defendant's alleged mark"), and therefore denies the same.

22. Plaintiff lacks information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore denies the same.

23. Admitted, except inasmuch as Plaintiff lacks information sufficient to form a belief as to ownership of Defendant's alleged mark and therefore denies the same.

24. Denied.

25. Plaintiff admits that it has used DELUXE PEDICURE on some products, but denies all other allegations of paragraph 25.

26. Plaintiff lacks information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore denies the same.

27. Plaintiff lacks information sufficient to form a belief as to the truth of the allegations in paragraph 27, and therefore denies the same.

28. Admitted, except inasmuch as Plaintiff lacks information sufficient to form a belief as to ownership of Defendant's alleged mark and therefore denies the same.

29. Admitted, except inasmuch as Plaintiff lacks information sufficient to form a belief as to ownership of Defendant's alleged mark and therefore denies the same.

30. Plaintiff lacks information sufficient to form a belief as to the allegations of paragraph 30 and therefore denies the same

31. Admitted, except inasmuch as Plaintiff lacks information sufficient to form a belief as to ownership of Defendant's alleged mark and therefore denies the same.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## THIRD COUNTERCLAIM OF

## FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

38. Plaintiff's answers in paragraphs 1–37 above are incorporated by reference herein.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Admitted as to the source of Plaintiff's products. Plaintiff lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 44 and therefore denies the same. Plaintiff lacks information sufficient to form a belief as to ownership of the mark and therefore denies the same.

45. Admitted as to Plaintiff and Defendant being in competition. Plaintiff lacks information sufficient to form a belief as to ownership of the mark and therefore denies the same.

46. Plaintiff lacks information sufficient to form a belief as to the allegations of paragraph 46 and therefore denies the same.

47. Plaintiff lacks information sufficient to form a belief as to the allegations of paragraph 47 and therefore denies the same.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## FOURTH COUNTERCLAIM OF DILUTION UNDER TEXAS BUS. & COMM. CODE § 16.103

52. Plaintiff's answers in paragraphs 1–51 above are incorporated by reference herein.

53. Plaintiff lacks information sufficient to form a belief as to the allegations of paragraph 53 and therefore denies the same.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## FIFTH COUNTERCLAIM OF TEXAS COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

60. Plaintiff's answers in paragraphs 1–59 above are incorporated by reference herein.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

64(2). Denied

65. Denied.

66. Denied.

67. Denied.

## AFFIRMATIVE AND OTHER DEFENSES

68. The '058 patent has a presumption of validity that the Defendant has not overcome.

69. Defendant failed to give notice of any federal trademark registration on their product packaging, and so cannot receive profits or damages under 15 U.S.C. § 1111.

70. Defendant fails to give actual notice of any federal trademark registration to Plaintiff prior to making these counterclaims.

71. Defendant's alleged federal trademark registration, No. 5,217,312, is generic and therefore invalid.

72. Defendant's alleged federal trademark registration, No. 5,217,312, is descriptive and therefore invalid.

73. Plaintiff's use of the term "DELUXE PEDICURE" predates that of Defendant, such that Defendant is the junior user.

74. Defendant's trademark "Deluxe Pedicure" is neither famous or distinctive as required by the Tex. Bus. & Com. Code §16.103.

75. Plaintiff's use of the mark "deluxe pedicure" is a fair use of the words "deluxe pedicure" inasmuch as the words are descriptive.

76. Defendant's claims are barred, in whole or in part, by the equitable doctrines of acquiescence or laches.

77. There is no likelihood of confusion arising due to Plaintiff's use of "DELUXE PEDICURE".

78. Defendant has no common law trade dress rights to the appearance of their product packaging.

79. Defendant's product packaging lacks secondary meaning to consumers in the marketplace and therefore does not have trade dress protection.

## GENERAL DENIAL AND RESPONSE TO PRAYER FOR RELIED

80. Plaintiff generally denies any allegations made in the counterclaims that were not specifically admitted above.

81. Plaintiff denies that Defendant is entitled to the relief asked for in paragraphs A–M of its prayer for relief.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action pursuant to Fed. R. Civ. P. 38.

This the 21st day of August, 2023.

*/s/ J. David Cabello*
Texas Bar No. 18514500
**J. David Cabello**
*Attorney-in-Charge*
Texas Bar No. 03574500
**Stephen D. Zinda**
Texas Bar No. 24084147
**James H. Hall**
Texas Bar No. 24041040
**Munira A. Jesani**
Texas Bar No. 24101967
**Cabello Hall Zinda, PLLC**
801 Travis Street, Suite 1610
Houston, TX 77002
Telephone: (832) 631-9990
Facsimile: (832) 631-9991
David@CHZFirm.com
Stephen@CHZFirm.com
James@CHZFirm.com
MJesani@CHZFirm.com

**OF COUNSEL**

**TUTUNJIAN & BITETTO, P.C.**
John G. Tutunjian, Esq
Edward P. Ryan, Esq.
401 Broadhollow Road, Suite 402
Melville, New York 11747
Tel: (631) 844-0080
Fax: (631) 844-0081
Email: edr@tb-iplaw.com
Email: john@tb-iplaw.com

*Attorneys for Plaintiff Voesh Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above document has been served on August 21, 2023 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per the Local Rules.

*/s/ John Watkins*
John Watkins
Paralegal