**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| VOESH CORP., *Plaintiff and Counter-Defendant* v. J&K BEAUTY SUPPLY, LLC, *Defendant and Counter-Plaintiff* | § § § § § § § § § § | Civil Action No. 4:23-cv-2340 Jury Demanded |

# DEFENDANT'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant and Counter-Plaintiff, J&K Beauty Supply, LLC ("J&K"), by and through its undersigned counsel, submits the following amended answer, affirmative defenses, and counterclaims to the complaint submitted by Plaintiff and Counter-Defendant, Voesh Corp. ("Voesh").

## FIRST AMENDED ANSWER

1. J&K admits that Voesh has made the allegations under 35 U.S.C. § 271 and 15 U.S.C §§ 1114 and 1125(a), but denies the remainder of the allegations in Paragraph 1 of the complaint.

2. J&K admits that Voesh has made the allegations in Paragraph 2 of the complaint, but denies that Voesh's claims have merit and denies the allegations in Paragraph 2 of the complaint.

JURISDICTION AND VENUE

3. J&K admits that this Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a) and denies the remainder of the allegations in Paragraph 3 of the complaint.

4. J&K admits that venue is proper in this district for purposes of this case and that J&K has principal place of business in this district. J&K denies the remainder of the allegations in Paragraph 4 of the complaint.

THE PARTIES

5. J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the complaint, and therefore denies those allegations in Paragraph 5 of the complaint.

6. J&K admits that it has a place of business at 4613 5th St., Brookshire, Texas 77423. It denies the remainder of the allegations in Paragraph 6 of the complaint.

PLAINTIFF'S PATENT AND BUSINESS

[7.-11. These paragraphs 7-11 relate to patent claims which Voesh has cancelled with prejudice in this lawsuit and thus these paragraphs, which appear related to those cancelled claims, seem similarly canceled or withdrawn. If an answer is necessary to the allegations in these Paragraphs 7, 8, 9, 10 and 11, then J&K denies the allegations in these paragraphs, and incorporates by reference the responses J&K provided in its original answer to the complaint.]

12. J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the complaint, and therefore denies the allegations in Paragraph 12 of the complaint.

13. J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the complaint, and therefore denies the allegations in Paragraph 12 of the complaint.

14. J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the complaint, and therefore denies the allegations in Paragraph 14 of the complaint.

15. J&K admits that Exhibit B to the complaint appears to be a copy of U.S. Trademark Registration No. 4,754,743, and that it lists the mark as PEDI IN A BOX for body lotions, foot scrubs and skin masks, and indicates a class 3. J&K denies the remainder of the allegations in Paragraph 15 of the complaint.

16. J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the complaint, and therefore denies those allegations in Paragraph 16 of the complaint.

17. J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the complaint, and therefore denies those allegations in Paragraph 17 of the complaint.

18. J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the complaint, and therefore denies those allegations in Paragraph 18 of the complaint.

19. J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the complaint, and therefore denies those allegations in Paragraph 19 of the complaint.

20. J&K denies the allegation in Paragraph 20 of the complaint.

21. J&K denies the allegation in Paragraph 21 of the complaint.

22. J&K denies the allegation in Paragraph 22 of the complaint.

23. J&K denies the allegation in Paragraph 23 of the complaint.

24. J&K admits that Paragraph 24 of the complaint purports to identify a DELUXE PEDICURE® product that J&K sells under its PYRAMID SPA PRODUCTS® line of products, but J&K denies that Paragraph 24 of the complaint accurately describes or identifies the product, and J&K otherwise denies the remaining allegations of Paragraph 24 of the complaint.

25. J&K admits that it sells a variety of different DELUXE PEDICURE® products with differences that can include color and/or scent, but J&K denies that Paragraph 25 of the complaint accurately describes or identifies the product, and J&K otherwise denies the remaining allegations of Paragraph 25 of the complaint.

26. J&K admits that Paragraph 26 of the complaint purports to identify or show a product from the PYRAMID SPA PRODUCTS® line that J&K sells but J&K denies that Paragraph 26 of the complaint accurately describes or identifies the product. J&K otherwise denies the allegations of Paragraph 24 of the complaint, except that the product does have “Spa Pedicure” as part of its name.

27. J&K admits that it sells a variety of different "Spa Pedicure" products from its PYRAMID SPA PRODUCTS® line of products and that such differences can include color and/or scent. However, J&K denies that Paragraph 27 of the complaint accurately describes or identifies the products and therefore J&K otherwise denies the allegations of Paragraph 27 of the complaint.

28. J&K denies the allegations of Paragraph 28 of the complaint.

29. J&K denies the allegations of Paragraph 29 of the complaint.

COUNT I—Canceled and Dismissed with Prejudice
per Joint Stipulation Entered October 13, 2023

[30.-40. Including Exhibits D-J. Withdrawn as applicable to Voesh's canceled allegations in the complaint.]

COUNT II

41. J&K's answers in paragraphs 1 through 40 above to Paragraphs 1 through 40 of the complaint are incorporated by reference herein, but the original answers to paragraphs 30-40 of the complaint are not believed applicable since paragraphs 30-40 of the complaint have been dismissed with prejudice and the remaining paragraphs of the complaint related to Plaintiff's patent are similarly understood to be inapplicable to this proceeding in view of that dismissal.

42. J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the complaint, and therefore denies those allegations in Paragraph 42 of the complaint.

43. J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the complaint, and therefore denies those allegations in Paragraph 43 of the complaint.

44. To the extent that Paragraph 44 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 44 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 44 of the complaint.

45. J&K objects to the allegations in Paragraph 45 of the complaint to the extent that they assume or suggest that J&K needed authorization, license or permission stated therein. J&K denies that Voesh's claims have merit and denies the allegations in Paragraph 45 of the complaint.

46. To the extent that Paragraph 46 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 46 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 46 of the complaint.

47. J&K denies that it has ever used the Mark PEDI IN A BOX as a trademark. J&K is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 of the complaint, and therefore also denies those allegations in Paragraph 47 of the complaint.

48. J&K cannot know Voesh's information and belief and therefore denies the allegations of Paragraph 48. J&K further denies that it has ever adopted Voesh's Mark PEDI IN A BOX as a trademark and denies that it has ever adopted "Voesh's product

packaging." J&K denies that Voesh's claims in Paragraph 48 have merit and denies the remaining allegations in Paragraph 48 of the complaint.

49. J&K cannot know Voesh's information and belief and therefore denies the allegations of Paragraph 49. J&K denies that Voesh's claims have merit and denies the allegations in Paragraph 49 of the complaint.

50. To the extent that Paragraph 50 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 50 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 50 of the complaint.

51. To the extent that Paragraph 51 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 51 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 51 of the complaint.

52. To the extent that Paragraph 52 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 52 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 52 of the complaint.

53. To the extent that Paragraph 53 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 53 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 53 of the complaint.

54. J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the complaint, and therefore denies those allegations in Paragraph 54 of the complaint, except that J&K admits that both it and Voesh sell nail and spa products, at least in part, and that they both sell to some of the same suppliers of nail and spa products who sell to various professional users or resellers.

55. To the extent that Paragraph 55 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 55 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 55 of the complaint.

56. To the extent that Paragraph 56 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 56 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 56 of the complaint.

57. To the extent that Paragraph 57 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 57 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 57 of the complaint.

58. J&K denies that Voesh's claims have merit and denies the allegations in Paragraph 58 of the complaint, except that J&K admits that Voesh has no control over the nature and quality of J&K's goods.

59. To the extent that Paragraph 59 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 59 of

the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 59 of the complaint, except that J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the complaint concerning the value of any goodwill of Voesh's business and therefore must also deny that allegation.

60. To the extent that Paragraph 60 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 60 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 60 of the complaint.

61. To the extent that Paragraph 61 of the complaint states legal conclusions, no response is required to those averments. To the extent that an answer is otherwise required, J&K denies that it has ever used the Mark PEDI IN A BOX as a trademark, denies that Voesh's claims have merit, and denies the remaining allegations in Paragraph 61 of the complaint.

62. To the extent that Paragraph 62 of the complaint states legal conclusions, no response is required to those averments. To the extent that an answer is otherwise required, J&K denies that Voesh's claims have merit, denies that Voesh is entitled to an injunction, and denies the remaining allegations in Paragraph 62 of the complaint.

63. To the extent that Paragraph 63 of the complaint states legal conclusions, no response is required to those averments. To the extent that an answer is otherwise required, J&K denies that Voesh's claims have merit, denies that Voesh is entitled to an

injunction or any monetary damages, attorneys' fees, costs, or prejudgment interest, and denies the remaining allegations in Paragraph 63 of the complaint.

COUNT III

64. J&K's answers in paragraphs 1 through 63 above to Paragraphs 1 through 63 of the complaint are incorporated by reference herein, but the original answers to paragraphs 30-40 of the complaint are not believed applicable since paragraphs 30-40 of the complaint have been dismissed with prejudice and the remaining paragraphs of the complaint related to Plaintiff's patent are similarly understood to be inapplicable to this proceeding in view of that dismissal.

65. J&K is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the complaint, and therefore denies those allegations in Paragraph 65 of the complaint.

66. To the extent that Paragraph 66 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 66 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 66 of the complaint.

67. To the extent that Paragraph 67 of the complaint states legal conclusions, no response is required to those averments. To the extent that an answer is otherwise required, J&K denies that Voesh's claims have merit and denies the allegations in Paragraph 67 of the complaint.

68. To the extent that Paragraph 68 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 68 of

the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 68 of the complaint.

69. To the extent that Paragraph 66 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 69 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 69 of the complaint.

COUNT IV

70. J&K's answers in paragraphs 1 through 69 above to Paragraphs 1 through 69 of the complaint are incorporated by reference herein, but the original answers to paragraphs 30-40 of the complaint are not believed applicable since paragraphs 30-40 of the complaint have been dismissed with prejudice and the remaining paragraphs of the complaint related to Plaintiff's patent are similarly understood to be inapplicable to this proceeding in view of that dismissal.

71. To the extent that Paragraph 71 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 71 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 71 of the complaint.

72. To the extent that Paragraph 72 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 72 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 72 of the complaint.

73. To the extent that Paragraph 73 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 73 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 73 of the complaint.

COUNT V

74. J&K's answers in paragraphs 1 through 73 above to Paragraphs 1 through 73 of the complaint are of the complaint above are not believed applicable since paragraphs 30-40 of the complaint have been dismissed with prejudice and the remaining paragraphs of the complaint related to Plaintiff's patent are similarly understood to be inapplicable to this proceeding in view of that dismissal.

75. To the extent that Paragraph 75 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 75 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 75 of the complaint.

76. To the extent that Paragraph 76 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 76 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 76 of the complaint.

COUNT VI

77. J&K's answers in paragraphs 1 through 76 above to Paragraphs 1 through 76 of the complaint are incorporated by reference herein, but the original answers to paragraphs 30-40 of the complaint are not believed applicable since paragraphs 30-40 of

the complaint have been dismissed with prejudice and the remaining paragraphs of the complaint related to Plaintiff's patent are similarly understood to be inapplicable to this proceeding in view of that dismissal.

78. To the extent that Paragraph 78 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 78 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 78 of the complaint.

79. To the extent that Paragraph 79 of the complaint states legal conclusions, no response is required to those averments. J&K denies the remainder of Paragraph 79 of the complaint. To the extent that an answer is otherwise required, J&K denies the allegations in Paragraph 79 of the complaint.

## GENERAL DENIAL

J&K denies each and every allegation in the complaint that is not specifically admitted and demands strict proof thereof.

## FIRST AMENDED ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

J&K denies that Voesh is entitled to the judgment and relief prayed for in paragraphs numbered 1 through 13 on pages 14 through 16 of the complaint.

## FIRST AMENDED AFFIRMATIVE AND OTHER DEFENSES

J&K states the following affirmative and other defenses:

[1.-12. Withdrawn. Affirmative Defenses stated in Paragraphs 1-12 of J&K's Original Answer are withdrawn as applicable to Voesh's Canceled Count I. ]

13. Voesh's claims are barred by the equitable doctrine of unclean hands.

14. Voesh's claims are barred, in whole or in part, by the equitable doctrines of acquiescence, laches or estoppel.

15. The complaint fails to state a claim upon which relief can be granted. In particular, the complaint fails to state how and where J&K infringed the PEDI IN THE BOX trademark.

16. Any and all uses by J&K of the "PEDI IN THE BOX" trademark have been and are solely a nominative use, or a descriptive use, or fair use of that trademark.

17. Voesh failed to notify J&K of Voesh's claims related to the PEDI IN THE BOX trademark before serving J&K with notice of this lawsuit.

18. There is no likelihood of confusion between Voesh's PEDI IN THE BOX trademark and any of J&K's trademarks used on any of J&K's products in suit.

19. There is no likelihood of confusion as to the source of J&K's products in suit that could be caused by the appearance of those products or by any authorized representation made by J&K or any of its representatives, agents, or distributors.

20. Voesh has sustained no harm, irreparable or otherwise, from J&K's product packaging of J&K's products in suit.

21. Customers of J&K's products do not think J&K's products are sourced from, sponsored by, or approved by Voesh.

22. All of J&K's products in suit are clearly marked with J&K's own federally registered trademarks, including PYRAMID®, PYRAMID SPA PRODUCTS®, and DELUXE PEDICURE®, which are the subject respectively of U.S. Trademark

Registration Nos. 5914707, 6750123, and 5217312. True copies of these federal trademark registrations are attached respectively at Exhibit A, Exhibit B, and Exhibit C.

23. Potential customers of J&K's products in suit can readily recognize by their appearance that the source of those products is J&K.

24. Potential customers of J&K's products in suit would not readily or reasonably think that those products were sourced from or sponsored or approved by Voesh, from the appearance of J&K's products or from any representation made by J&K about the J&K products.

25. Customers and potential customers of J&K's products in suit are sophisticated and careful consumers who are familiar with J&K's products and do not likely or reasonably think that J&K is affiliated with Voesh, from the appearance of J&K's products or from any representations made by J&K about the J&K products.

26. Voesh's customers are sophisticated and careful consumers who are familiar with Voesh's products, and know where to buy them.

27. J&K has never used PEDI IN A BOX as a trademark or made a trademark use of "Pedi in a Box," and J&K has not diluted Voesh's trademark.

28. Voesh's unjust enrichment claims in COUNT VI fail because such claims are not an independent cause of action under Texas law.

29. Voesh's unjust enrichment claims in COUNT VI fail because any use by J&K of the PEDI IN A BOX mark or phrase has been lawful.

30. Any use by J&K of the PEDI IN A BOX mark or phrase did not begin before about the year 2023 or less than about six months before the complaint was filed and served on J&K, and hence such use has been and is *de minimus.*

31. Voesh's common law unfair competition claims in COUNT V are preempted by federal law.

32. Any remedy under Voesh's common law unfair competition claims is limited to Texas activities.

33. Voesh's common law trademark infringement claims are preempted by federal law.

34. Any remedy under Voesh's Texas state law dilution claims is limited to Texas activities.

35. Voesh's claims of dilution of the PEDI IN A BOX trademark fail for lack of requisite fame of that mark.

36. J&K has not counterfeited any Voesh product.

37. Voesh's claims respecting counterfeiting or "passing off" are limited to legal conclusions that lack reasonable basis or merit.

38. Voesh has failed to claim any reasonable basis for the case being considered "exceptional," and Voesh's claims for enhanced damages and attorney fees lack merit.

39. Voesh's federal and state law claims are redundant and thereby improperly seek duplicative or redundant damages.

40. Voesh's federal law claims improperly seek duplicative or redundant damages.

41. Voesh's state law claims improperly seek duplicative or redundant damages.

42. Voesh's claims for injunctive relief lack reasonable basis or merit.

43. All relief should be denied Voesh under principles of equity.

44. Any confusion or likelihood of confusion of any of J&K products with any of Voesh's products is due to Voesh's use of J&K's federally registered trademark DELUXE PEDICURE, or a shortened variation or derivative thereof, DELUXE, on Voesh's products, in a manner similar or identical to J&K's use of DELUXE PEDICURE on J&K's products.

45. Any confusion or likelihood of confusion of any of J&K products with any of Voesh's products is due to Voesh's use of J&K's federally registered trademark DELUXE PEDICURE, or a shortened variation or derivative thereof, DELUXE, on Voesh's products, in a "trademark space" or location on the Voesh product packaging that by such positioning or placement suggests or indicates to consumers that DELUXE PEDICURE or DELUXE is a trademark.

46. Any confusion or likelihood of confusion of any of J&K products with any of Voesh's products is due to Voesh's use of DELUXE, where Voesh previously used DELUXE PEDICURE, on Voesh's products similar to J&K's use of DELUXE PEDICURE on J&K's products.

47. Any confusion or likelihood of confusion of any of J&K products with any of Voesh's products is due to Voesh's renaming its products DELUXE where it previously used J&K's federally registered trademark DELUXE PEDICURE on those products.

48. Any confusion or likelihood of confusion of any of J&K products with any of Voesh's products is due to Voesh's use of J&K's packaging trade dress that J&K uses in association with J&K's federally registered trademark DELUXE PEDICURE.

49. The phrase "pedi in a box" commonly means "pedicure in a box" or a kit for a pedicure and is descriptive of J&K's products in suit that for a brief time included that phrase on some of the packaging to describe the products.

50. J&K respectfully reserves the right to assert additional affirmative defenses based upon further investigation and discovery, at which time J&K will seek to amend this Answer to add such additional defenses.

## FIRST AMENDED COUNTERCLAIMS

J&K alleges the following counterclaims against Voesh.

### THE PARTIES

1. J&K Beauty Supply, LLC ("J&K"), is a limited liability company organized and existing under the laws of the state of Texas, having a principal place of business at 3923 Addison Ranch Lane, Fulshear, Texas 77441.

2. Voesh Corp. ("Voesh"), is the party who brought this lawsuit against J&K and who has represented itself as a New York corporation with a principal place of business at 5001 Hadley Rd, Suite 101, South Plainfield, NJ 07080.

**JURISDICTION AND VENUE**

3. These counterclaims arise under the Lanham Act, 15 U.S.C. § 1051 et seq.

4. This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. § 1331 and 1338, and supplemental jurisdiction over J&K's state law claims under 28 U.S.C. § 1367.

5. Voesh has submitted to personal jurisdiction and venue in this Court by filing this lawsuit against J&K.

[6. This paragraph 6 related to the invalidity of Voesh's '058 patent and J&K's claims with respect thereto. Since Voesh cancelled with prejudice its patent claims in this lawsuit, this paragraph 6 is no longer applicable and has been deleted.]

**FIRST COUNTERCLAIM**
**DECLARATORY JUDGMENT OF PATENT INVALIDITY**

**WITHDRAWN WITHOUT PREJUDICE**

[7.-18. These paragraphs 7-18 related to the invalidity of Voesh's '058 patent and J&K's claims with respect thereto. Since Voesh cancelled with prejudice its patent claims in this lawsuit, J&K has withdrawn without prejudice its defenses regarding Voesh's '058 patent claims including J&K Beauty's claims of invalidity of that patent. ]

**SECOND COUNTERCLAIM**
**FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

19. J&K repeats and re-alleges the allegations of Paragraphs 1 through 5 of these Counterclaims, as if fully set forth here.

20. As its second ground for relief, J&K alleges federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

21. J&K is the owner of all right, title, and interest in federal trademark registration, Reg. No. 5,217,312, which issued June 6, 2017, on the principal register of the United States Patent and Trademark Office, for the mark DELUXE PEDICURE (J&K's Mark). That registration covers various products including foot masks for skin care; foot scrubs; non-medicated exfoliating preparations for feet and other goods identified in the registration, a true copy of which is attached Exhibit C. The right to use this trademark has become incontestable under the provisions of 15 U.S.C. § 1065. The registration is valid and subsisting and has never been canceled.

22. J&K sells goods under J&K's Mark to suppliers of nail and spa products who in turn sell to professional users of the products in spas, manicure and pedicure salons, hair and beauty salons, and the like, throughout the United States. Some of those suppliers and salons also sell the products online and to salon customers for those customers' own use as well.

23. Voesh is not, and has never been, authorized or licensed by J&K to use J&K's Mark, or any variation or derivative thereof, and on information and belief Voesh has never received permission to use J&K's Mark, or any variation or derivative thereof.

24. J&K's Mark is distinctive as applied to J&K's goods that bear J&K's Mark.

25. Notwithstanding J&K's established rights in J&K's Mark, upon information and belief, Voesh adopted and confusingly used the same, identical trademark, DELUXE PEDICURE, in interstate commerce in connection with the sale and offering for sale of nail and spa products, particularly including products for use in pedicures.

26. Voesh sells its nail and spa products bearing J&K's Mark to some of the same suppliers of nail and spa products that J&K sells its nail and spa products bearing J&K's Mark.

27. Some of the same suppliers of nail and spa products that resell online J&K's products bearing J&K's Mark also resell online Voesh's nail and spa products bearing J&K's Mark.

28. J&K's Mark is registered as a word mark to cover the use of that mark, DELUXE PEDICURE, in any font or style. See a true copy of the registration at Exhibit C.

29. J&K's Mark as Voesh has used and continues to use it on Voesh's products and goods is shown in an example product below. Voesh has used both "DELUXE PEDICURE," and the shortened variation or derivative mark, "DELUXE":







A full version of these photographs and some other examples are shown in Exhibit K.

30. Upon Voesh's learning that J&K had discovered and was protesting Voesh's use of J&K's Mark, Voesh began rebranding at least some of its products with

the shortened or derivative mark "DELUXE." Voesh then used, and/or caused or allowed its distributors and other of its resellers to use, Voesh's products bearing the "DELUXE PEDICURE" mark to indicate Voesh's rebranding to "DELUXE" and that the products were otherwise the same. Examples are in Exhibit M.

31. J&K's DELUXE PEDICURE Mark as used by J&K on one of J&K's products and goods for example is shown below:




A larger version of this photograph is shown in Exhibit L.

32. Without J&K's consent, Voesh has used and continues to use J&K's Mark, DELUXE PEDICURE, and the shorted variation or derivative of J&K's Mark, DELUXE, in connection with the sale, offering for sale, distribution, or advertising of Voesh's goods.

33. Voesh has engaged in its infringing activity despite having constructive notice of J&K's federal registration rights under 15 U.S.C. § 1072 and despite having actual knowledge of J&K's use of J&K's Mark.

34. Voesh's actions are likely to mislead at least some of the public into concluding that Voesh's goods originate with or are authorized by J&K, which will damage both J&K and the public. Voesh's actions are likely to mislead at least some others of the public into concluding that J&K is associated with Voesh or that J&K's Mark is not distinctive to J&K, which will further damage both J&K and the public. J&K has no control over the quality of goods sold by Voesh, and the source confusion caused by Voesh is likely to cause or has caused J&K to lose control over its valuable goodwill.

35. Upon information and belief, Voesh has advertised and offered its goods for sale using J&K's Mark, DELUXE PEDICURE, and the shortened variation or derivative thereof, DELUXE, with the intention of misleading, deceiving, or confusing consumers as to the origin of Voesh's goods and of trading on J&K's reputation and goodwill. Among other things, J&K's reputation and goodwill are derived in part from J&K's products in suit being made in the United States. Voesh's products in suit are made outside the United States. Voesh's use of J&K's Mark constitutes willful, deliberate, and intentional trademark infringement. Voesh's use of the shortened variation or derivative of J&K's Mark also constitutes willful, deliberate, and intentional trademark infringement.

36. Voesh's unauthorized use of J&K's Mark in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114 and has caused and is likely to continue to cause consumer confusion, mistake, or deception.

37. As a direct and proximate result of Voesh's trademark infringement, J&K has suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Voesh has unfairly acquired and will continue to unfairly acquire income, profits, and goodwill.

38. Voesh's acts of infringement will cause further irreparable injury to J&K if Voesh is not restrained by this Court from further violation of J&K's rights. J&K has no adequate remedy at law.

## THIRD COUNTERCLAIM
## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

39. J&K repeats and re-alleges the allegations of Paragraphs 1 through 5 and 19 through 38 of these Counterclaims, as if fully set forth here.

40. As its third ground for relief, J&K alleges federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Voesh's unauthorized marketing and sale of its products in interstate commerce using J&K's DELUXE PEDICURE Mark, and the shortened variation or derivative thereof, DELUXE, constitute use of a false designation of origin or false representation that wrongfully and falsely associates Voesh's products with J&K's products, designating Voesh's products as originating with J&K, or associating J&K's Mark with Voesh and rendering J&K's Mark lacking in distinctiveness in markets where

Voesh has size dominance over J&K. These false descriptions or representations are in interstate commerce. The actions of Voesh as alleged herein constitute intentional, willful, knowing, and deliberate unfair competition.

42. Voesh's positioning of J&K's Mark on Voesh's packaging, in the center of the packaging, is like the positioning that J&K uses for its J&K Mark on its packaging, as shown in the example photos below.







43. J&K has common law trade dress rights in the use, positioning and overall appearance of the J&K Mark on its product packaging.

44. Voesh's copying of J&K's common law trade dress in the use, positioning and overall appearance of J&K's Mark on packaging of Voesh products, further

constitutes use of a false designation of origin or false representation that wrongfully and falsely designates Voesh's products as originating from or connected with J&K, or indicates J&K's products are associated with Voesh or that J&K's Mark is not distinctive to J&K in markets where Voesh has size dominance over J&K. Voesh's actions constitute the use of false descriptions or representations in interstate commerce. The actions of Voesh as alleged herein constitute intentional, willful, knowing, and deliberate unfair competition.

45. On information and belief, Voesh's products bearing J&K's Mark, DELUXE PEDICURE, and/or a variation or derivative of J&K's Mark, DELUXE, are made in Korea. J&K's products bearing J&K's Mark, DELUXE PEDICURE, are made in the United States of America.

46. Voesh is a competitor of J&K for nail and spa products. The pedicure products that Voesh labels with J&K's Mark, DELUXE PEDICURE, or with a variation or derivative of J&K's Mark, DELUXE, compete in the marketplace with J&K's pedicure products that J&K labels with J&K's Mark, DELUXE PEDICURE.

47. Some customers and potential customers of nail and spa products in the United States prefer products made in the United States over products made in other countries, including Korea.

48. Some customers and potential customers of nail and spa products in the United States prefer products made in the United States even if the products made in the United States cost more or are priced higher than competitive products made in other countries and imported into the United States.

49. Voesh's actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

50. On information and belief, Voesh's actions also violate 15 U.S.C. § 1125(b).

51. As a direct and proximate result of Voesh's unfair competition, J&K has suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Voesh has and will continue to acquire income, profits, and goodwill.

52. Voesh's acts of unfair competition will cause further irreparable injury to J&K if Voesh is not restrained by this Court from further violation of J&K's rights. J&K has no adequate remedy at law.

**FOURTH COUNTERCLAIM**
**DILUTION UNDER TEXAS BUS. & COMM. CODE § 16.103**

53. J&K repeats and re-alleges the allegations of Paragraphs 1 through 5 and 19 through 52 of these Counterclaims, as if fully set forth here.

54. J&K is owner of the trademark, DELUXE PEDICURE, for various nail and spa products with respect to which that mark is widely recognized by the public throughout the state of Texas or at least in the greater Houston metropolitan area of Texas, as a designation of source as to those goods of J&K.

55. J&K's DELUXE PEDICURE mark is famous and distinctive for the purposes of Texas Business and Commerce Code Section 16.103.

56. Voesh willfully intended to cause and has caused dilution of J&K's DELUXE PEDICURE trademark.

57. J&K's DELUXE PEDICURE mark was famous before Voesh used it.

58. J&K is entitled to injunctive relief throughout Texas or at least throughout the geographic area in Texas in which J&K's DELUXE PEDICURE Mark is found to have become famous before the use by Voesh.

59. J&K is further entitled to all profits derived for or damages resulting from Voesh's wrongful acts, and to enhanced damages and attorneys fees.

## FIFTH COUNTERCLAIM TEXAS COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

60. J&K repeats and re-alleges the allegations of Paragraphs 1 through 5 and 19 through 59 of these Counterclaims, as if fully set forth here.

61. As its fifth ground for relief, J&K alleges common law trademark infringement and unfair competition under Texas law.

62. J&K has Texas common law trademark rights in its mark DELUXE PEDICURE and its trade dress in positioning its mark DELUXE PEDICURE in the middle of its packaging for its nail and spa products, as shown in the picture in Exhibit L.

63. J&K's DELUXE PEDICURE trademark and trade dress are distinctive as to J&K through repeated and consistent use throughout the greater Houston metropolitan area, extending throughout Texas, and with the aid of the internet and interstate marketing and sales, throughout the United States.

64. J&K's DELUXE PEDICURE trademark and trade dress are non-functional and Voesh's uses of DELUXE PEDICURE and DELUXE on similar products are likely to cause confusion in the marketplace.

64. Voesh's actions described in the Paragraphs above have diluted and misappropriated J&K's goodwill in J&K's DELUXE PEDICURE trademark and trade dress and are likely to deceive consumers and the public with respect to the source or origin of Voesh's infringing products. Voesh's actions are likely to cause consumers and the public to erroneously believe that Voesh's infringing products are J&K's products, licensed by J&K, or otherwise associated with J&K. Alternatively among at least some retail consumers, Voesh's actions are likely to cause those consumers to erroneously believe that the mark DELUXE PEDICURE is not distinctive of J&K's products or not indicative of J&K as the source of its products.

65. In committing these acts, Voesh has, among other things, willfully and in bad faith infringed J&K's DELUXE PEDICURE mark and trade dress, and Voesh has committed unfair competition, intending to confuse or to deceive the public by knowingly using J&K's DELUXE PEDICURE trademark and trade dress.

66. Voesh has thereby unfairly profited and become unjustly enriched at J&K's expense, such that it would be unjust for Voesh to retain such benefits without commensurate compensation to J&K.

67. J&K has no adequate remedy at law for the damages caused by Voesh's infringing and unfair actions. J&K is entitled to an injunction preventing Voesh from continuing to use and to profit from J&K's DELUXE PEDICURE trademark and trade dress, and J&K is also entitled to Voesh's profits from the trademark and trade dress infringement, and to reimbursement of J&K's reasonable attorney's fees in this action.

## PRAYER FOR RELIEF

WHEREFORE, J&K requests that this Court grant the following relief:

A. Dismissal of the complaint with prejudice and grant of judgment in Counterclaim Plaintiff J&K's favor;

B. A judgment that J&K's registered trademark has been and continues to be infringed by Voesh in violation of 15 U.S.C. § 1114(1);

E. A judgment that Voesh's use of: (1) J&K's registered trademark DELUXE PEDICURE; (2) the shortened variation or derivative of J&K's registered trademark DELUXE; and (3) associated trade dress, constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a).

F. A judgment that Voesh's use of J&K's DELUXE PEDICURE trademark and the DELUXE variation or derivative of that trademark, constitutes dilution of J&K's DELUXE PEDICURE mark under Texas Business and Commerce Code § 16.103.

G. A judgment that Voesh's use of J&K's DELUXE PEDICURE trademark, the DELUXE variation or derivative of that trademark, and J&K's trade dress constitutes common law trademark infringement and common law unfair competition under Texas state law.

H. A permanent injunction enjoining and restraining Voesh and each of its agents, representatives, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them from using J&K's registered mark, with or without its accompanying trade dress, or any other designation, alone or in combination with other words or symbols, as a trademark or trade name component or otherwise, to market, advertise, distribute, or identify Voesh's

products where that designation would create a likelihood of confusion, mistake or deception with J&K's Mark.

I. Pursuant to 15 U.S.C. § 1116(a), an Order to Voesh to file with the Court and serve on J&K within thirty days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Voesh has complied with the injunction.

J. Pursuant to 15 U.S.C. § 1118, an Order that Voesh and all others acting under Voesh's authority, at their cost, be required to deliver up and destroy all packaging, literature, advertising, labels, and other material in their possession bearing the J&K's trademark.

K. An award to J&K of all damages it sustained as the result of Voesh's acts of infringement and unfair competition, said amount to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117 and Texas Business and Commerce Code § 16.103.

L. Costs and reasonable attorney's fees relating to this action pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 1117(a) and Texas common law.

M. Such other and further relief as the Court may deem just and proper.

REQUEST FOR JURY TRIAL

J&K demands a jury trial on all issues so triable.

Dated: March 15, 2024

Respectfully submitted,

*/s/Karen B. Tripp*
Karen B. Tripp
*Attorney in Charge*

Texas State Bar No. 03420850
Southern District of Texas No. 2345
4265 San Felipe, Suite 1100
Houston, Texas 77027
(713) 658-9323 office phone
(823) 798-7576 cell phone
ktripp@tripplaw.com
tripp.karen@gmail.com
Attorney for Defendant and
Counter-Plaintiff,
**J&K BEAUTY SUPPLY, LLC**

## CERTIFICATE OF CONFERENCE

I hereby certify that I communicated with Munira A. Jesani, counsel for Plaintiff and Counter-Defendant, Voesh Corp., by voice mail on March 14, 2024, advising of my intention to move this Court for permission to amend this answer, defenses, and counterclaims in this lawsuit and inquiring as to whether Voesh would oppose or consent. I also at that time sent a similar email communication to Munira A. Jesani, J. David Cabello, John Tutunjian and Edward Ryan, all counsel for Voesh Corp, indicating the nature of the amendments, and at their request, I later provided a complete final draft copy of the proposed amended answer to them for review. They advised on March 15, 2024 by email that they would not oppose the motion to amend provided I did not substantially change the draft, and I have not made any substantial changes in it.

Dated: March 15, 2024

*/s/Karen B. Tripp*
Karen B. Tripp

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2024, the foregoing amended answer with

exhibits was sent with a motion for leave to amend by operation of the Court's electronic filing system to J. David Cabello, and his associated counsel Stephen D. Zinda, James H. Hall, Munira A. Jesani, all of Cabello Hall Zinda, PLLC, counsel for Plaintiff and Counter-Defendant, Voesh Corp. On this same day, I also emailed the foregoing amended answer with exhibits and motion for leave to amend to John Tutunjian and Edward Ryan, also counsel for Plaintiff and Counter-Defendant, Voesh Corp., who have not signed up for electronic service through the Court's electronic filing system.

Dated: March 15, 2024

*/s/Karen B. Tripp*
Karen B. Tripp