**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| VOESH CORPORATION,<br>Plaintiff<br>v.<br>J & K Beauty Supply, LLC<br>Defendant. | **Case No. 23-cv-2340**<br><br>**JURY DEMANDED** |

**ANSWER TO AMENDED COUNTERCLAIMS**

Plaintiff Voesh Corporation ("Plaintiff" or "Voesh") responds to the allegations of Defendant J & K Beauty Supply, LLC, ("Defendant" or "J&K") as follows:

**THE PARTIES**

1. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the counter-claims, and therefore denies the same.

2. Admitted.

**JURISDICTION AND VENUE**

3. Admitted.

4. Admitted.

5. Admitted.

6. This paragraph has been deleted.

## FIRST COUNTERCLAIM OF DECLARATORY JUDGMENT OF PATENT INVALIDITY

7–18. These paragraphs have been deleted.

## SECOND COUNTERCLAIM OF FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

19. Plaintiff's answers in paragraphs 1–18 above are incorporated by reference herein.

20. Denied.

21. Plaintiff lacks information sufficient to form a belief as to the truth of the allegations in paragraph 21, particularly of the ownership of Federal Trademark Registration No. 5,217,312 (hereinafter "Defendant's alleged mark"), and therefore denies the same.

22. Plaintiff lacks information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore denies the same.

23. Admitted, except inasmuch as Plaintiff lacks information sufficient to form a belief as to ownership of Defendant's alleged mark and therefore denies the same.

24. Denied.

25. Plaintiff admits that it has used DELUXE PEDICURE on some products, but denies all other allegations of paragraph 25.

26. Plaintiff lacks information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore denies the same.

27. Plaintiff lacks information sufficient to form a belief as to the truth of the allegations in paragraph 27, and therefore denies the same.

28. Admitted, except inasmuch as Plaintiff lacks information sufficient to form a belief as to ownership of Defendant's alleged mark and therefore denies the same.

29. Admitted, except inasmuch as Plaintiff lacks information sufficient to form a belief as to ownership of Defendant's alleged mark and therefore denies the same.

30. Denied.

31. Admitted, except inasmuch as Plaintiff lacks information sufficient to form a belief as to ownership of Defendant's alleged mark and therefore denies the same.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

## THIRD COUNTERCLAIM OF FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

39. Plaintiff's answers in paragraphs 1–38 above are incorporated by reference herein.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Admitted as to the source of Plaintiff's products. Plaintiff lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 44 and therefore denies the

same. Plaintiff lacks information sufficient to form a belief as to ownership of the mark and therefore denies the same.

46. Admitted as to Plaintiff and Defendant being in competition and selling competing products. Plaintiff denies that DELUXE is a derivative mark of DELUXE PEDICURE and lacks information sufficient to form a belief as to the ownership of the mark.

47. Plaintiff lacks information sufficient to form a belief as to the allegations of this paragraph and therefore denies the same.

48. Plaintiff lacks information sufficient to form a belief as to the allegations of this paragraph and therefore denies the same.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

**FOURTH COUNTERCLAIM OF**
**DILUTION UNDER TEXAS BUS. & COMM. CODE § 16.103**

53. Plaintiff's answers in paragraphs 1–52 above are incorporated by reference herein.

54. Plaintiff lacks information sufficient to form a belief as to the allegations of paragraph 53 and therefore denies the same.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## FIFTH COUNTERCLAIM OF TEXAS COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

60. Plaintiff's answers in paragraphs 1–59 above are incorporated by reference herein.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

64(2). Denied

65. Denied.

66. Denied.

67. Denied.

## AFFIRMATIVE AND OTHER DEFENSES

68. Defendant failed to give notice of any federal trademark registration on their product packaging, and so cannot receive profits or damages under 15 U.S.C. § 1111.

69. Defendant failed to give actual notice of any federal trademark registration to Plaintiff prior to making these counterclaims.

70. Defendant's alleged federal trademark registration, No. 5,217,312, is generic and therefore invalid.

71. Defendant's alleged federal trademark registration, No. 5,217,312, is descriptive and therefore invalid.

72. Plaintiff's use of the term "DELUXE PEDICURE" predates that of Defendant, such that Defendant is the junior user.

73. Defendant's claims are barred, in whole or in part, by the equitable doctrines of acquiescence or laches.

74. There is no likelihood of confusion arising due to Plaintiff's use of "DELUXE PEDICURE".

75. Defendant has no common law trade dress rights to the appearance of their product packaging.

76. Defendant's product packaging lacks secondary meaning to consumers in the marketplace and therefore does not have trade dress protection.

## GENERAL DENIAL AND RESPONSE TO PRAYER FOR RELIED

77. Plaintiff generally denies any allegations made in the counterclaims that were not specifically admitted above.

78. Plaintiff denies that Defendant is entitled to the relief asked for in paragraphs A–M of its prayer for relief.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury in this action pursuant to Fed. R. Civ. P. 38.

Dated: April 22, 2024

Respectfully submitted,

*/s/ Munira A. Jesani*
Texas Bar No. 18514500
**J. David Cabello**
*Attorney-in-Charge*
Texas Bar No. 03574500
**Munira A. Jesani**
Texas Bar No. 24101967
**Cabello Hall Zinda, PLLC**
801 Travis Street, Suite 1610
Houston, TX 77002
Telephone: (832) 631-9990
Facsimile: (832) 631-9991
David@CHZFirm.com
MJesani@CHZFirm.com

**OF COUNSEL**

**TUTUNJIAN & BITETTO, P.C.**
John G. Tutunjian, Esq
Edward P. Ryan, Esq.
401 Broadhollow Road, Suite 402
Melville, New York 11747
Tel: (631) 844-0080
Fax: (631) 844-0081
Email: edr@tb-iplaw.com
Email: john@tb-iplaw.com

*Attorneys for Plaintiff Voesh Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served pursuant to the Federal Rules of Civil Procedure via the Court's electronic filing system on the 22nd of April, 2024 upon all counsel of record.

*/s/ John Watkins*____
John Watkins
Paralegal