IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VOESH CORPORATION,<br><br>　　　　Plaintiff<br><br>v.<br><br>J & K Beauty Supply, LLC<br><br>　　　　Defendant. | Case No. 23-cv-2340<br><br><br>**JURY DEMANDED** |

## MOTION FOR SANCTIONS PURSUANT TO FRCP 37(b)(2)(A)

　　　Defendant J&K has no regard for this Court's orders or the judicial system and has no intention of defending this lawsuit. This is clear based on Defendant's failure to produce a 30(b)(6) deponent, as was ordered by this Court in August, and its failure to secure replacement counsel, as was ordered by this Court in September. Both orders cautioned Defendant that failure to comply with the orders could result in sanctions. Defendant's disregard for the judicial system is further evidenced by its former-counsel's sworn statements that Defendant "has failed to cooperate with its attorney, undersigned Karen B. Tripp, in arranging and preparing for deposition of Defendant…in response to an Order of this Court for that deposition," and that Defendant "has repeatedly failed to respond to texts, emails, and phone calls." Defendant's disregard is so severe that Ms. Tripp ultimately requested to withdraw as counsel of record due to her client's lack of cooperation and communication, a request this Court granted. Though LLCs cannot proceed *pro se*, Defendant remains unrepresented by counsel.

　　　Plainly, Defendant will not comply with its discovery obligations or secure new counsel. Litigation-ending sanctions are the only way to resolve this lawsuit. Thus, Voesh respectfully requests the Court exercise its authority under Fed. R. Civ. P. 37 and its inherent authority, and

strike Defendant's pleadings, dismiss its counterclaims with prejudice, and render default judgment against Defendant.

## BACKGROUND

**A. Defendant's lack of discovery cooperation has plagued this case from inception.**

This lawsuit has been pending since June 26, 2023, yet to date no depositions have been taken, there has been no discovery of emails, and Voesh has made very little progress on other discovery, despite its best efforts. The limited written discovery responses that Voesh has obtained were only obtained after Voesh sought Court intervention, and this Court ordered the parties to confer on their discovery disputes, with a warning to Defendant's counsel that failure to cooperate in discovery efforts could be met with sanctions. *See* Dkts. 30, 31, 34, 36-37.

**B. Defendant failed to comply with the Court's order to produce a deponent.**

Since June 21, 2024, Voesh has been attempting to secure a date for the 30(b)(6) deposition of Defendant. Dkt. 42-1 at 1. After numerous failed attempts to secure a date from Defendant's then-counsel, Karen Tripp, Voesh sought court intervention on July 31, 2024. Dkt. 39; *see also* Dkts. 40-42. The Court ordered Defendant to produce a deponent by September 4, 2024 and warned that its failure to do so could be met with sanctions (Dkt. 43). No deponent has been produced to date, despite the Court's clear order:

> **ORDER**
>
> Pending are (i) an initiating letter of July 31 by Plaintiff Voesh Corporation; (ii) a response letter of July 31 by Defendant J&K Beauty Supply LLC; (iii) a further letter by Plaintiff of August 2, and (iv) a further letter by Defendant of August 2. This pertains to a long-noticed deposition of witness of Defendant.
>
> It is ORDERED that Defendant must provide a witness for the noticed 30(b)(6) deposition on or before September 4, 2024.
>
> Failure to comply has the potential to be met with sanctions, which could include substantive relief such as the striking of defenses.
>
> SO ORDERED.
>
> Signed on August 13, 2024, at Houston, Texas.
>
> *[signature]*
> Hon. Charles Eskridge
> United States District Judge

**C. Defendant failed to comply with the Court's order to secure new counsel.**

Four days before J&K was required to produce its deponent, Ms. Tripp filed a motion to withdraw as counsel, on the basis that "J&K beauty Supply, LLC has failed to cooperate with its attorney, undersigned Karen B. Tripp, in arranging and preparing for the deposition of Defendant…" and that the client contact "has repeatedly failed to respond to texts, emails, and phone calls of undersigned attorney…" Dkt. 45 at 1-2. Ms. Tripp's motion, supported by her own declaration under penalty of perjury, stated that she personally went to Defendant's business location to speak with her client, and individuals at the location informed her that J&K Beauty Supply was "no more" and that the owner of the business was in Vietnam. The motion further stated that Defendant "appears to have disappeared." *Id.* at 2-3.

3

This Court granted the motion to withdraw based on Ms. Tripp's inability to reach her client and ordered Mr. Tripp to serve the Court's order granting withdrawal on her client "in the most practicable manner, including by certified mail to its last two known addresses." Dkt. 49 at 1. The Order also required Defendant to secure replacement counsel by October 21, 2024, and warned that Voesh could seek "appropriate relief" if replacement counsel failed to appear:

> It is further ORDERED that Defendant J&K Beauty Supply, LLC, promptly obtain new counsel and have such counsel appear by October 21, 2024. See *Southwest Express Co Inc v Interstate Commerce Commission*, 667 F2d 456, 457 (5th Cir 1982) (holding that corporation may not proceed *pro se*).
>
> If replacement counsel fails to appear as ordered, Plaintiff Voesch Corporation may apply for any appropriate relief as to disregard of Court order or non-prosecution of litigation.

*Id.* at 2. To date, no replacement counsel has appeared, and Voesh has had no communication with Defendant.

## LEGAL STANDARD

Fed. R. Civ. P. 37(b)(2)(A) enumerates the sanctions a Court may order for a party's failure to comply with discovery, and Fed. R. Civ. P. 37(b)(2)(B) specifically permits courts to award these sanctions for a party's failure to produce a deponent. These sanctions include:

- directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
- prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
- striking pleadings in whole or in part;

4

- staying further proceedings until the order is obeyed;

- dismissing the action or proceeding in whole or in part;

- rendering a default judgment against the disobedient party; or

- treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

District courts have "broad discretion under Rule 37(b) to fashion remedies suited to the [discovery] misconduct." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012). A court's authority includes dismissal of claims, with prejudice. *See Hornbuckle v. Arco Oil & Gas Co.,* 732 F.2d 1233, 1237 (5th Cir. 1984) ("When lesser sanctions have proved futile, a district court may properly dismiss a suit with prejudice.").

## ARGUMENT

### A. The Court should strike defendant's pleadings and enter default judgment under Fed. R. Civ. 27.

To impose litigation-ending sanctions, the Court must find that: (1) the discovery violation was committed willfully or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation substantially prejudiced the opposing party; and (4) a lesser sanction would not "substantially achieve the desired deterrent effect." *See, e.g., L. Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758-59 (5th Cir. 2019) (cleaned up). All factors are met here.

1. Defendant's discovery violation is willful.

"Willfulness may be demonstrated by a party's 'failure to comply with the court's discovery order even after he was personally instructed to do so . . . and stated that he understood what was required of him.'" *Bell v. Texaco, Inc.*, 493 F. App'x 587, 593 (5th Cir. 2012) (quoting *Chisesi v. Auto Club Family Ins. Co.*, 374 F. App'x 475, 477 (5th Cir. 2010).

Willfulness can also be evidenced by a repeated failure to provide anything other than generalized or non-responsive answers in response to specific requests for compliance by the court. *See Yazdchi v. American Honda Fin. Corp.*, 217 Fed. App'x 299, 303 (5th Cir. 2007) (unpublished). Notably, the "district court is permitted to 'rely on its complete understanding of the parties' motivations.'" *Id.* (citing *Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998)).

Here, Defendant was explicitly ordered to produce a deponent by September 4, 2024 and was warned that failure to do so could result in sanctions, yet Defendant did not produce a deponent or offer any explanation for its violation. Instead, Defendant "repeatedly failed to respond to texts, emails, and phone calls of [its former counsel] to provide the name of a person for deposition or to provide another Defendant contact for arranging such deposition." Defendant's violation is clearly willful. *See Borges v. Gidi Bar-N-Grill Ltd. Liab.,* 2024 U.S. Dist. LEXIS 198139, at *6 (E.D. Tex. 2024) (finding willful discovery violation where a party ignored a Court order to respond to discovery requests within 21 days). Defendant's later failure to comply with the Court's order to secure replacement counsel is further evidence of its willfulness. Thus, the first factor for litigation-ending sanctions has been met.

2. <u>Defendant, rather than counsel, is responsible for the discovery violation</u>.

Ms. Tripp's motion to withdraw was supported by a declaration made under penalty of perjury. Dkt. 45 at 4. In that declaration, Ms. Tripp detailed her efforts to schedule the deposition including calls, texts, emails, and certified letters to Defendant and a personal visit to Defendant's last-known place of business. *Id.* at 1-3. Because Defendant ignored each of Ms. Tripp's communications, Defendant is plainly responsible for the discovery violation. Indeed, this Court granted Ms. Tripp's motion to withdraw due to Defendant's lack of cooperation. Dkt.

6

49 at 1-2. Further, because Defendant is presently unrepresented by counsel, its continued violation of this Court's orders is only attributable to Defendant itself. *See Borges*, at *6 (finding this factor met where the disobeying party was appearing *pro se*). Thus, the second factor for litigation-ending sanctions is met.

3. <u>Defendant's violation has prejudiced and will continue to prejudice Voesh.</u>

Voesh is prejudiced by Defendant's failure to comply with the Court's order because it has been unable to obtain the basic discovery required to prosecute its case. Voesh is further prejudiced by the substantial time and money it has spent attempting to extract Defendant's cooperation. *See Borges*, at *7 (finding plaintiff was prejudiced "by not being able to conduct any discovery or prepare for trial" and because plaintiff was "forced to spend time and money attempting to coerce discovery" from defendant). Thus, the third factor for litigation-ending sanctions is met.

4. <u>A lesser sanction would not achieve the desired deterrent effect.</u>

Lesser sanctions would not achieve the desired deterrent effect, because Defendant has failed to comply with two court orders and will certainly fail to comply with future orders. Litigation-ending sanctions are the only way to resolve this lawsuit. As the district court found in *Borges*, "[a]ll available information indicates that if the Court were to issue a lesser sanction, [defendant] would ignore it like the Court's previous order. Such an order is unwarranted since it would expend limited judicial resources and cost Plaintiff additional time and resources to conduct discovery when [defendant] has been provided ample opportunity to respond to Plaintiff's discovery requests." *Id.*, at *7-8; *see also Hornbuckle*, 732 F.2d at 1237 ("When lesser sanctions have proved futile, a district court may properly dismiss a suit with prejudice."). Moreover, lesser sanctions would not achieve any effect where, as here, the law prohibits an

7

entity from proceeding *pro se*, yet Defendant has failed to secure replacement counsel. Thus, the fourth factor for litigation-ending sanctions is met.

5. <u>Voesh is entitled to fees based on defendant's failure</u>.

Under Fed. R. Civ. P. 37(b)(2)(C), instead of or in addition to the sanctions outlined in Rule 37(b)(2)(A), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Thus, Voesh respectfully requests an award of fees associated with attempting to obtain the 30(b)(6) deposition from Defendant, seeking court intervention regarding the same, preparing this motion, and costs incurred in serving Defendant a copy of this motion via certified mail at its last two known addresses.

**B. The Court should strike Defendant's pleadings and enter default under its inherent authority.**

It is well-established that limited liability companies are fictional legal persons who can only be represented by licensed counsel. *Rowland v. California Men's Colony,* 506 U.S. 194, 201-02, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993). When a corporation declines to hire counsel to represent it, the court may dismiss its claims if it is a plaintiff, or strike its defenses if it is a defendant. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 874 (5th Cir. 2004); *Donovan v. Rd. Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) ("Gordon declined to hire counsel to represent the corporation so the district court properly struck the defenses of the corporation."); *Hamilton v. EnerSafe, Inc.*, No. SA:15-CV-965-DAE, 2018 U.S. Dist. LEXIS 226957, 2018 WL 7822066, at *1 (W.D. Tex., Mar. 6, 2018) ("When a corporation declines to hire counsel to represent it, the Court may strike its pleadings or enter default"); *Future World Elecs., LLC v. Over Drive Mktg., LLC*, No. 3:12-CV-2124-B, 2013 U.S. Dist. LEXIS 158084,

8

2013 WL 5925089, at *2 (N.D. Tex. Nov. 5, 2013) (finding it appropriate to strike answer and enter default judgment after instructing LLC to obtain counsel and giving warning); *Adonai Commc'ns, Ltd. v. Awstin Invs., LLC*, No. 3:10-CV-2642-L, 2012 WL 899271, at *2 (N.D. Tex. Mar. 16, 2012) ("Other courts have found default judgment to be the appropriate remedy when a corporation fails, after court warning, to appoint counsel."); *King v. Allegiance Mgmt., LLC*, No. A-09-CA-317 LY, 2010 U.S. Dist. LEXIS 55130, 2010 WL 2245062, at *1 (June 4, 2010) ("Since [d]efendant has failed to hire counsel and counsel has failed to enter an appearance on its behalf, [d]efendant's Answer is properly stricken.").

Defendant's refusal to secure replacement counsel provides a separate basis for this Court to exercise its inherent authority and sanction Defendant by striking its pleadings. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) ("[T]he appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary.").

## **CONCLUSION**

For the foregoing reasons, Voesh respectfully requests this Court issue an Order striking Defendant's pleadings (Dkts. 9 and 25), dismiss Defendant's counterclaims with prejudice, and direct the Clerk to enter default against Defendant. Voesh also requests its reasonable fees and costs with attempting to obtain the 30(b)(6) deposition from Defendant, seeking court intervention regarding the same, preparing this motion, and costs incurred in serving Defendant a copy of this motion via certified mail at its last two known addresses. Following entry of default by the clerk, Voesh will move for default judgment and permanent injunction against Defendant. Voesh will effect service of this motion by sending it, and all future filings, to Defendant via certified mail at the last two known addresses provided by Ms. Tripp. Dkt. 45 at 3-4.

9

Dated: November 19, 2024

*/s/ J. David Cabello*
Texas Bar No. 18514500
**J. David Cabello**
*Attorney-in-Charge*
Texas Bar No. 03574500
**Munira A. Jesani**
Texas Bar No. 24101967
**Cabello Hall Zinda, PLLC**
801 Travis Street, Suite 1610
Houston, TX 77002
Telephone: (832) 631-9990
Facsimile: (832) 631-9991
David@CHZFirm.com
MJesani@CHZFirm.com

**OF COUNSEL**
**TUTUNJIAN & BITETTO, P.C.**
John G. Tutunjian, Esq
Edward P. Ryan, Esq.
401 Broadhollow Road, Suite 402
Melville, New York 11747
Tel:  (631) 844-0080
Fax:  (631) 844-0081
Email: edr@tb-iplaw.com
Email: john@tb-iplaw.com

*Attorneys for Plaintiff Voesh Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument will be served on Defendant via certified mail at the last two addresses for Defendant that were known to Defendant's former counsel, Karen Tripp:

4613 5th St., Brookshire, TX 77423 and 3923 Addison Ranch Ln, Fulshear, TX 77441

*/s/ Munira Jesani*
Munira Jesani